COPY

Sharonrose Cannistraci, CSBN 121827
CANNISTRACI LAW FIRM
99 Almaden Blvd., Suite 925
San Jose, CA 95113
Phone: (408) 297-5400 x206
Fax: (408) 297-5407
Email: sharonrose@cannistracilaw.com

Attorneys for Plaintiffs

ORIGINAL FILED
08 JUL 15 PM 3:48
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VISIONQUEST CHC, LLC also known as VISIONQUEST, LLC ; GATEWAY COMMUNITY CHURCH, also known as CITY HARVEST CHURCH,

Plaintiffs,

vs.

RONALD BUCHHOLZ, CHARISE BUCHHOLZ also known as CHARISE BUCHHOLZ-FISCHER, SOLOMON CAPITAL, INC., EQUITY ENTERPRISES, INC., EQUITY ENTERPRISES OF NEVADA, INC., RNC HOLDINGS, LLC, RDB DEVELOPMENT, LLC, EENI-PATRIOT COURTYARDS, LLC, COMMUNITY REAL ESTATE, LLC, THE DISTRICT, LLC, PHOENIX VALLEY DEVELOPMENT, LLC, EENI-PATRIOT COURTYARDS, LLC, EENI-DURANGO TRAILS, LLC, EEI-RAY RANCH, LLC also known as E.E.N.I.-RAY RANCH, LLC, and EENI-PASEO VILLAGE, LLC also known as EENI-PASEO VILLAGE OFFICE INVESTMENTS, LLC, and DOES 1-60.

Defendants.

Case No. C08 03410 RMW HRL

**COMPLAINT FOR:**

1. **PROMISSORY NOTE**
2. **BREACH OF CONTRACT**
3. **QUASI-CONTRACT**
4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**
5. **SPECIFIC PERFORMANCE**
6. **REFORMATION**
7. **ALTER EGO LIABILITY**
8. **PROMISSORY ESTOPPEL**
9. **UNJUST ENRICHMENT**
10. **CONSTRUCTIVE TRUST**
11. **ACCOUNTING**
12. **NEGLIGENCE**
13. **BREACH OF FIDUCIARY DUTY**
14. **FRAUD**
15. **UNFAIR BUSINESS PRACTICES**
16. **SECURITIES FRAUD**
17. **CONSPIRACY**

**DEMAND FOR JURY TRIAL**

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Plaintiff VisionQuest, LLC and Plaintiff Gateway Community Church, Inc. (collectively referred to herein as "Plaintiffs") hereby complain against Defendants and each of them as follows:

## I. JURISDICTION

Plaintiffs are informed and believe and thereon allege:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1332, by reason of the diversity of citizenship between Plaintiffs and Defendants and the amount in controversy, which is sought by Plaintiff, exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper because the agreements, loans and payments that are the subject of this complaint were performed or to be performed (in whole or part) in the City of San Jose, State of California and as a result of Defendants' acts or omissions alleged herein (including failure to pay Plaintiffs the sum due) Plaintiffs incurred damages in the City of San Jose, State of California.

## II. THE PARTIES

The true facts are not yet fully known to Plaintiffs who make the following allegations based on information and belief as follows:

3. Plaintiff VisionQuest, LLC, also known as VisionQuestCHC, LLC, is a limited liability company formed under the laws of the State of Nevada (herein referred to as "VisionQuest") with its members and managers residing in and a substantial part of its operations performed in the County of Santa Clara, State of California. The members and managers of VisionQuest were at relevant times on the board of directors of Plaintiff Gateway Community Church.

4. Plaintiff Gateway Community Church, Inc. is a non-profit religious corporation formed under the laws of the State of California and is also known as City Harvest Church (herein referred to as the "Church") with its administrative offices and religious facilities located in the County of Santa Clara, State of California.

5. Plaintiffs are informed and believe that Defendant Ronald Buchholz is an individual with a

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

residence and/or doing business and soliciting investments within the City of San Jose, County of Santa Clara, State of California.

6. Plaintiffs are informed and believe that Defendant Charise Buchholz also known as Charise Fischer or Charise Buchholz-Fischer (herein 'Charise Buchholz') is an individual with a residence and/or doing business and soliciting investments within the City of San Jose, County of Santa Clara, State of California.

7. Plaintiffs are informed and believe that Defendants Ronald Buchholz and Charise Buchholz are siblings and business partners and are the alter egos of, and at all times owned, managed and/or controlled, the Buchholz companies sued herein including Defendant Solomon Capital, Inc., Defendant RNC Holdings, LLC, Defendant Equity Enterprises of Nevada, Inc. a.k.a. 'Equity Enterprises', Defendant Equity Enterprises, Inc. a.k.a. 'Equity Enterprises', Defendant RDB Development, LLC, Defendant EENI-Patriot Courtyards, LLC, Defendant Community Real Estate, LLC, Defendant the District, LLC a.k.a. Phoenix Valley Development, LLC, Defendant E.E.N.I.-Durango Trails, LLC, Defendant EEI-Ray Ranch, LLC also known as E.E.N.I.-Ray Ranch, LLC, and Defendant EENI-Paseo Village, LLC also known as E.E.N.I.- Paseo Village Office Investors, LLC and other related companies, projects and business enterprises including DOES 1-5, 10-15, 20-25, 30-35, 40-45, 50-55 (herein collectively and separately referred to herein as the "Buchholz companies").

8. Plaintiffs are informed and believe that Defendant EENI-Patriot Courtyards, LLC is a limited liability company managed and controlled by Defendants Ronald Buchholz, Charise Buchholz and Defendant Equity Enterprises of Nevada, Inc., a Nevada corporation, and unknown others, which defendants solicited investments within the County of Santa Clara, CA including to develop EENI-Patriot Courtyards' real property in Glenview, IL, and which defendants are responsible in whole or part for Plaintiffs' damages alleged herein incurred in connection with the church's first investment in EENI-Patriot Courtyards, LLC and Plaintiffs' subsequent loan to

Defendant RNC Holdings, LLC alleged herein.

9. Plaintiffs are informed and believe that Defendant The District, LLC is a Nevada limited liability company managed and controlled by Defendants Ronald Buchholz, Charise Buchholz and other Buchholz companies, which defendants solicited loans and investments within the County of Santa Clara, CA including the loan to RNC Holdings, LLC to develop the residential condominium project referred to as "The District" being developed at 52nd Street and Oak in Phoenix, AZ including 2315 N. 52nd Street by RNC Holdings, LLC (herein 'the Phoenix property') and which property is currently being marketed and sold by other defendants as "The Residences at Oak" and all of which defendants are responsible in whole or part for Plaintiffs' damages alleged herein.

10. Plaintiffs are informed and believe that the true owner of the Phoenix property is now defendant Phoenix Valley Development, LLC, an Arizona LLC, formerly known as 'The District, LLC' and which defendant is in control of the Phoenix property now being marketed and sold as "The Residences at Oak" and which defendants are responsible in whole or part for Plaintiffs' damages alleged herein.

11. Plaintiffs are informed and believe that Defendant Community Real Estate LLC is a Nevada LLC and a member-manager of Phoenix Valley Development, LLC and in control of the Phoenix property being marketed and sold as "The Residences at Oak" and which Defendants are responsible in whole or part for Plaintiffs' damages alleged herein.

12. Plaintiffs are informed and believe that Defendant RNC Holdings, LLC is a Nevada limited liability company and purported owner-developer of the Phoenix property, and the borrower under the fourth promissory note (Exhibit F), whose member-managers include Defendants Ronald Buchholz and Charise Buchholz, and Defendant RNC Holdings, LLC is or was at one time a member-manager of Defendant Phoenix Valley Development, LLC in control of the Phoenix property being marketed as "The Residences at Oak" and is responsible in whole or part for Plaintiffs' damages alleged herein.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

13. Plaintiffs are informed and believe that Defendant RDB Development, LLC is an unknown limited liability company and at times one of the managers of Defendant Phoenix Valley Development, LLC and in control of the Phoenix property being marketed as "The Residences at Oak" and is responsible in whole or part for Plaintiffs' damages alleged herein.

14. Plaintiffs are informed and believe that Defendant Solomon Capital, Inc. is a California corporation with its primary place of business and soliciting investments within the City of San Jose, County of Santa Clara, State of California and owns, controls and/or manages and are the umbrella or parent company for one or more or all of the Buchholz companies and act in the capacity as the surety and guarantor of loans made to the Buchholz companies and are responsible in whole or part for Plaintiffs' damages alleged herein.

15. Plaintiffs are informed and believe that Defendant Solomon Capital, Inc. is a Nevada corporation soliciting investments within and with one of its primary place of business within the City of San Jose, County of Santa Clara, State of California and owns, controls and/or manages and are the umbrella or parent company for one or more or all of the Buchholz companies and act in the capacity as the surety and guarantor of loans made to the Buchholz companies and are responsible in whole or part for Plaintiffs' damages alleged herein.

16. Plaintiffs are informed and believe that Defendant Equity Enterprises, Inc. is a California Corporation with its primary place of business and soliciting investments within the City of San Jose, County of Santa Clara, State of California and owns, controls and/or manages and are the umbrella or parent company for one or more or all of the Buchholz companies and act in the capacity as the surety and guarantor of loans made to the Buchholz companies and are responsible in whole or part for Plaintiffs' damages alleged herein.

17. Plaintiffs are informed and believe that Defendant Equity Enterprises, Inc. is a Nevada Corporation with one of its primary place of business and soliciting investments within the City of San Jose, County of Santa Clara, State of California and owns, controls and/or manages and are the

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

umbrella or parent company for one or more or all of the Buchholz companies and act in the capacity as the surety and guarantor of loans made to the Buchholz companies and are responsible in whole or part for Plaintiffs' damages alleged herein.

18. Plaintiffs are informed and believe that Defendant Equity Enterprises of Nevada, Inc. is a Nevada corporation and manager of EENI Patriot Courtyards, LLC with its primary place of business and soliciting investments within the City of San Jose, County of Santa Clara, State of California and owns, controls and/or manages and are the umbrella or parent company for one or more or all of the Buchholz companies and act in the capacity as the surety and guarantor of loans made to the Buchholz companies and are responsible in whole or part for Plaintiffs' damages alleged herein.

19. The solicitations, representations, warranties, agreements, loans and investments that are alleged in this complaint were entered into within the City of San Jose, County of Santa Clara, State of California.

20. Plaintiffs are ignorant of the true names and capacities of unknown Defendants sued herein as DOES 1 through 60, and therefore sue these unknown Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

21. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned that each of the Defendants including DOE Defendants are legally liable for the acts or omissions or representations of each other and were the agent, employee, principal, co-conspirator, predecessor in interest, successor in interest or alter ego of the other Defendants or acted in concert with one or more of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, employment, joint action, or concert agreement and are somehow responsible or liable in whole or part for Plaintiffs' damages.

## III. GENERAL ALLEGATIONS

The true facts are not yet fully known to Plaintiffs who make the following allegations based

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

on information and belief as follows:

22. At all times relevant, Defendants Ronald Buchholz and Charise Buchholz held themselves out as owing and controlling the Buchholz companies and were member-managers of the Buchholz companies or members-managers of the Buchholz companies that managed other Buchholz companies.

23. At all times relevant, Defendants held Defendants 'Equity Enterprises' and 'Solomon Capital' out to be the umbrella, parent, guarantors and/or sureties for the Buchholz companies and through these companies controlled and managed the Buchholz companies and their various real estate development projects.

24. At all times relevant, Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc. and Equity Enterprises, Inc. of Nevada were in a special relationship with Plaintiffs as real estate investment experts, advisors and mentors to Plaintiffs in connection with the investments, loans and promissory notes described below.

25. At all times relevant, Defendants Ronald Buchholz, Charise Buchholz, and EENI-Patriot Courtyards, LLC were in a special relationship with Plaintiff City Harvest Church in connection with the first real estate investment in EENI-Patriot Courtyards, LLC as described below.

## IV. FIRST SOLICITION & INVESTMENT- EENI-Patriot Courtyards, LLC

The true facts are not yet fully known to Plaintiffs who make the following allegations based on information and belief as follows:

26. On or about May-June, 2004, within the County of Santa Clara, State of California, Defendant Ronald Buchholz and his minister father initially met with the board of directors of Plaintiff City Harvest Church to introduce the Church to the Buchholz companies and solicit the Church to invest in one or more of the Buchholz companies' real estate development projects. During or as a result of this meeting, among other things, the following occurred:

a) Defendant Ronald Buchholz held himself out to be an owner, member, manager, officer,

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

and principal of the Buchholz companies.

b) Defendant Ronald Buchholz made a presentation to the Church's board of directors regarding his and the Buchholz companies' expertise as real estate developers in the various areas where the Buchholz companies were developing real properties;

c) Defendants' presentation included representations as to the success of the Buchholz companies' various real estate enterprises, including investments made by Ronald Buchholz' minister father's church with the Buchholz companies, which investments Defendants represented had been profitable and had met their projected target dates and returns on investment;

d) Defendants' presentation included representations as to the current stage of EENI-Patriot Courtyards, LLC's real estate development in Glenview, IL, the projected profitability of the investment (40-60% return on investment), the projected completion date of the project (October-November 2005) and the anticipated date when investors (including the Church if it invested) would receive the projected return on investment in EENI-Patriot Courtyards, LLC (around October-November 2005) with representations as to the viability and expected success of the project;

e) The church board informed Defendant Ronald Buchholz of the Church's investment parameters, including that the Church was risk adverse, the Church had limited cash flow, the Church needed a reliable source of investment income to fund a major expansion of its ministry and administrative operations that was in progress, the Church did not want to invest in projects that carried risk to the principle amount of the investment, and the Church sought to invest in sound investments with timely returns and profits (herein the "Church's investment parameters and need for a timely return on investment");

f) Defendant Ronald Buchholz on behalf of himself and the Buchholz companies

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

acknowledged the Church's investment parameters and need for a timely return on its investments to fund its expansion of ministry and administrative operations, and assured the Church that although there was some general risk in investing as a member of a real estate limited liability company, there was no known or suspected impediment to EENI-Patriot Courtyards, LLC meeting the target completion date and other profit projections Defendants presented to the church board, and Defendants generally led the Church to believe that an investment in EENI-Patriot Courtyards, LLC was a suitable investment within the Church's investment parameters;

g) Defendants' representations, assurances and presentation made during the initial meeting induced Plaintiff City Harvest Church to become an investor member (akin to a limited partner) of EENI-Patriot Courtyards, LLC and in reliance on Defendants' representations, assurances and presentation, the Church invested a total of $250,000 (Two Hundred and Fifty Thousand Dollars) in EENI-Patriot Courtyards, LLC as an investor member with an expected project completion date and anticipated return on investment in or about October – November 2005 (referred to herein as the "first investment").

## V. SECOND SOLICITATION- 1st, 2nd & 3rd LOANS TO BUCHHOLZ COMPANIES

All of the true facts are not yet fully known to Plaintiffs who make the following allegations based on information and belief as follows:

27. After the Church invested in and became a member of EENI-Patriot Courtyards, LLC, on or about June 2004 within the County of Santa Clara, State of California, Defendant Ronald Buchholz on behalf of himself and the Buchholz companies he represented once again approached the Church to solicit an additional three new investments with Buchholz companies including EENI-Durango Trials, LLC, EEI-Ray Ranch, LLC and EENI Paseo Village Office Investors, and Defendants proposed and recommended that the Church make three loans, one to each of Defendants EENI-

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Durango Trials, LLC, EEI-Ray Ranch, LLC and EENI Paseo Village Office Investors LLC.

28. Assurances were sought by the Church, and given by Defendants, that the principle amount of the three loans would not be at risk and that loans in general carried less risk than investing in a limited liability company as the three loans would be timely repaid by EENI-Durango Trials, EEI-Ray Ranch, LLC and EENI Paseo Village Office Investments and repayment guaranteed by the purported umbrella or parent company 'Equity Enterprises', and the real property would serve as security and collateral for repayment of the loans.

29. The first promissory note, second promissory note and third promissory note are dated June 8, 2004 and totaled $1,250,000 with a fixed rate of interest; the notes were guaranteed in writing by 'Equity Enterprises' and the notes were signed by Ronald Buchholz on behalf of 'Equity Enterprises' and the respective limited liability company borrowers, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC.

**First Loan- EENI-Durango Trials, LLC (1st Note)**

a) In soliciting the first loan, Defendants represented that EENI-Durango Trails, LLC was successfully developing office condominiums in Nevada including representations as to the stage of development, expected completion dates and projected profitability of the projects;

b) Defendants' representations, assurances and presentation induced Plaintiff City Harvest Church to loan $500,000 (Five Hundred Thousand Dollars) to EENI-Durango Trails, LLC, a limited liability company, which promissory note is attached hereto as Exhibit A (herein referred to as the "first promissory note");

c) The first promissory note provided that "Note shall be collateralized by the Durango Trail Office Condominium project in Las Vegas, Nevada" and further provided that when the note was paid the "Deed of Trust securing same, must be surrendered before reconveyance will be made;"

d) The first note was guaranteed in writing and provides in pertinent part "If for any reason Durango Trails LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender";

**Second Loan- EEI-Ray Ranch, LLC (2nd Note)**

e) In soliciting the second loan, Defendants represented that EEI-Ray Ranch, LLC and EENI Paseo Village Office Investors LLC was successfully developing office condominiums in Phoenix, AZ including representations as to the stage of development, expected completion dates and projected profitability of the projects;

f) Defendants' representations, assurances and presentation induced Plaintiff City Harvest Church to loan $500,000 (Five Hundred Thousand Dollars) to EEI Ray Ranch, LLC, a limited liability company, which promissory note is attached hereto as Exhibit B (herein referred to as the "second promissory note");

g) The second promissory note provided that "Note shall be collateralized by the Ray Ranch Office Condominium project in Chandler, Arizona" and further provided that when the note was paid the "Deed of Trust securing same, must be surrendered before reconveyance will be made;"

h) The second note was guaranteed in writing and provides in pertinent part "If for any reason Ray Ranch LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender";

**Third Loan- EENI-Paseo Village Office Investors LLC (3rd Note)**

i) In soliciting the third loan, Defendants represented that EENI Paseo Village Office Investors LLC was successfully developing office condominiums in Phoenix, AZ including representations as to the stage of development, expected completion dates and projected profitability of the projects;

j) Defendants' representations, assurances and presentation induced Plaintiff City Harvest

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Church to loan $250,000 (Two Hundred Fifty Thousand Dollars) to EENI-Paseo Village Office Investors, LLC, a limited liability company, which promissory note is attached hereto as Exhibit C (herein referred to as the "third promissory note");

k) The third promissory note provided that "Note shall be collateralized by the Paseo Village Office Condominium project in Glendale, Arizona" and further provided that when the note was paid the "Deed of Trust securing same, must be surrendered before reconveyance will be made;"

l) The third note was guaranteed in writing and provides in pertinent part "If for any reason Paseo Village Office Investors LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender";

## VI. THIRD SOLICITATION- AGREEMENT & 4th LOAN TO BUCHHOLZ COMPANIES

Plaintiffs are informed and believe and thereon allege:

30. On or about June-July 2005, within the County of Santa Clara, State of California, Defendant Ronald Buchholz, and the Buchholz companies he represented approached the Church for a third solicitation and recommended a fifth round of investments and fourth loan of $1,495,000 to the Buchholz company that was a purported owner-developer of the Phoenix property, Defendant RNC Holdings, LLC, for the purpose of developing residential condominiums referred to as 'the District'. To induce the Church to loan $1,495,000, Defendants made the following representations:

a) Defendants represented and assured the Church that the proposed loan to RNC Holdings, LLC was a suitable investment and well within the Church's investment parameters and need for a timely return on investment;

b) Defendants represented and assured the Church that EENI-Patriot Courtyards, LLC in Glenview, IL would be completed on schedule by October-November 2005 and the projected profits and return on the first investment was on target and EENI-Patriot Courtyards, LLC would make timely distributions to the Church commencing in

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

October-November 2005, in order for there to be sufficient funds and cash flow from EENI-Patriot Courtyards, LLC to meet the Church's increased operating and ministry and administrative expenses if the Church made the loan to RNC Holdings, LLC;

31. In a separate follow-up meeting in July 2005, Defendant Charise Buchholz and the Buchholz companies that she represented reaffirmed Ronald Buchholz' representations and recommendations in connection with the third solicitation and made the following representations and proposal to Plaintiffs:

a) Defendant Charise Buchholz and the Buchholz companies that she represented provided Plaintiff City Harvest Church with documentation regarding the development of the Phoenix property including Exhibit I and represented that Defendant RNC Holdings, LLC was developing the residential condominium project the "The District";

b) Defendant Charise Buchholz and the Buchholz companies that she represented proposed and recommended that the members of the board of directors of the Church form and register a new Nevada limited liability company named 'VisionQuest' to manage and invest the Church's funds with Defendants Charise Buchholz, Ronald Buchholz and 'Solomon Capital' acting as agents for VisionQuest and giving advice and assistance to VisionQuest and its mangers and members including in structuring and forming the new LLC, preparing and filing the paperwork to register the new LLC, and acting as registered agents of the new LLC, and with the new LLC listing Defendants' Nevada offices as the new LLC's registered place of business to facilitate the proposed loan that was the subject of the third solicitation and structuring the transaction and loan to RNC Holdings, LLC to develop the Phoenix property and preparing the related paperwork and loan, guarantee and security agreement and instruments;

c) Defendant Charise Buchholz and the Buchholz companies that she represented further proposed that Defendants EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Paseo Village Office Investments, LLC repay the principle and interest on the first promissory note, second promissory note and third promissory note of $1,495,000 and recommended that the Church re-loan this money to the newly formed LLC (VisionQuest);

d) Defendant Charise Buchholz and the Buchholz companies that she represented further proposed and recommended that the newly formed LLC (VisionQuest) would in turn re-loan the Church's $1,495,000 to RNC Holdings, LLC for the purpose of developing the residential condominium complex on the Phoenix property known as 'the District';

e) Defendant Charise Buchholz and the Buchholz companies that she represented presented the Church board with a proposed form of promissory note in the amount of $1,495,000.00 drafted by defendants attached hereto as Exhibit D, with a proposed fixed rate of interest and balloon payment payable in one lump sum within 60 months;

f) Defendant Charise Buchholz and the Buchholz companies that she represented represented, promised and assured the Church that EENI-Patriot Courtyards, LLC was to be completed on schedule with a few months by October-November 2005, and if the Church made the loan to VisionQuest to re-loan the Church's money to Defendant RNC Holdings, LLC, Defendant EENI- Patriot Courtyards, LLC would make timely and sufficient distributions to the Church such that there would be cash flow available to fund the Church's increased ministry and administrative operations if the Church loaned its monies to RNC Holdings, LLC.

32. In reliance on Defendants' representations, promises, and recommendations, Plaintiff City Harvest Church agreed to form and make a loan to VisionQuest and agreed VisionQuest would loan the Church's funds to RNC Holdings, LLC. Plaintiffs agreed to make a loan to defendant RNC Holdings, LLC on the following terms and conditions of the loan, security, and guarantee agreement between the parties:

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

(a) Plaintiffs' loan to RNC Holdings, LLC would be in the principle sum of '$1,250,000' paid within 24 months;

(b) Interest would accurate at the rate of 20% 'per annum' payable annually;

(c) A late charge of 1% of the outstanding balance of the principal and accrued interest would be paid if any payment was late,

(d) The loan would be 'collateralized' with the Phoenix property with plaintiffs receiving a security interest in the Phoenix property to secure the principle sum of $1,250,000 loaned to develop the property;

(e) The surety and guarantor for the Buchholz companies agreed to guarantee repayment of the loan in writing in the same manner 'Equity Enterprises' guaranteed in writing repayment of the first, second and third notes (Exhibits A-C);

(f) EENI-Patriot Courtyards, LLC agreed to make timely distributions to the Church on its first investment commencing on or about October-November 2005;

(g) Defendants and each of them agreed to prepare, execute and file all of the requisite instruments and paperwork, and perform all other the tasks, necessary to carry out the terms and conditions of the parties' loan, security and guarantee agreement and in their capacity as investment advisors of Plaintiffs and agents and fiduciaries of plaintiffs and the Buchholz companies, among other things, Defendants:

1. Prepared and filed VisionQuest's Articles of Organization, Initial List of Manager or Members and Resident Agent, Operating Agreement listing three board members of the Church as members and managers of VisionQuest; Defendants listed Defendant Ronald Buchholz as the registered agent for service of process of VisionQuest; Defendants listed one of the Buchholz companies' business offices in Nevada as the registered place of business for VisionQuest; Defendant Charise Buchholz paid the filing fees for expedited registration of VisionQuest with the State

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

of Nevada; Defendants prepared and filed the Customer Order Instructions with the State of Nevada instructing the State of Nevada to return the filed papers for VisionQuest to Defendants' place of business in San Jose, California; Defendants issued written instructions to Plaintiffs' agents advising how to maintain the newly formed limited liability company VisionQuest; as agents Defendants owed a duty of loyalty to the newly formed LLC to ensure that the loan, guarantee and security agreement, instruments and papers prepared by defendants were complete, accurate and properly executed by the correct entities, and that Defendants and their affiliates gained no unfair advantage over their principal;

2. Defendants prepared and executed the paperwork for Defendants EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC to repay the first promissory note, second promissory note, and third promissory note to the Church to facilitate the Church's loan to VisionQuest and VisionQuest's loan to RNC Holdings, LLC, which written acknowledgement of repayment was prepared by Defendants and is attached hereto as Exhibit E and provides in part: "All principle, in the amount of $1,250,000.00 has been reinvested in a new Promissory Note to RNC Holdings, LLC." Defendants Solomon Capital, Inc., Ronald Buchholz and Charise Buchholz and RNC Holdings, LLC and unknown others revised the proposed form of note (Exhibit D) and prepared and executed the fourth promissory note dated July 8, 2005 attached hereto as Exhibit F, which was signed by Defendant Charise Buchholz as manager of RNC Holdings, LLC, a Nevada limited liability company (herein 'the fourth promissory note").

33. In reliance on Defendants' representations, promises, recommendations, agreement and duty to prepare, execute and file all of the instruments, agreements and paperwork necessary to carry out the parties' loan, security and guarantee agreement, Plaintiff City Harvest Church's board was

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

induced to form VisionQuest and make a loan of $1,250,000 to VisionQuest and Plaintiff VisionQuest was induced to make a loan of $1,250,000 of the Church's funds to Defendant RNC Holdings, LLC.

34. On or about July 20, 2005, Plaintiffs delivered $1,250,000 of the Church's funds in trust to Defendants Solomon Capital, Inc., Ronald Buchholz, and Charise Buchholz in their capacity as agents and fiduciaries of plaintiffs to hold in trust these sums pending Defendants' execution and filing of all of the instruments, agreements and paperwork necessary to carry out the parties' loan, security and guarantee agreement. The deposit into trust were made in two payments, one payment from VisionQuest to Defendants (Exhibit J hereto, Deposit Receipt) and one payment from the church to Defendants.

35. Defendants understood and agreed that the Church was a third party beneficiary of the parties' loan, security, guarantee and agency agreement and the Church was the ultimate recipient of 100% of the principal, interest, late charges and any other sums to come due under the fourth promissory note.

**FRAUD**

**The Buchholz LLC Shell Game**

The true facts are not yet fully known to Plaintiffs who make the following allegations based on information and belief as follows:

36. Unbeknownst to Plaintiffs, in July 2005 defendant RNC Holdings LLC was not the fee owner of the Phoenix property and Defendants used the Phoenix property then owned by an unrelated third party, 52 Street Investors, LLC, as purported collateral and security for Plaintiffs' $1,250,000 loan to Defendant RNC Holdings, LLC.

37. Unbeknownst to Plaintiffs, Defendants did not obtain executed security agreements from the true owner of the Phoenix property or the true owner's agreement to or conveyance of a security interest in the Phoenix property to Plaintiffs.

38. Unbeknownst to Plaintiffs, in or about August 12, 2005, 52nd Street Investors, LLC conveyed title to the Phoenix property to Defendant Phoenix Valley Development, LLC, without Defendants causing Defendant Phoenix Valley Development, LLC to convey to Plaintiffs a security interest in the Phoenix property and Defendants failed to disclose this material fact to Plaintiffs.

39. Unbeknownst to Plaintiffs, Defendants did not obtain executed guarantees from the surety and guarantor for the Buchholz companies.

40. Unbeknownst to Plaintiffs, defendants omitted from the fourth promissory note the agreed to terms that (a) interest was payable annually and (2) the maturity date of the principle sum within 24 months, executing a note with less favorable terms to plaintiffs.

41. In and after October-November 2005, Defendant EENI-Patriot Courtyards, LLC failed to commence to make timely distributions to the Church on the first investment as promised in July 2005 and after repeated demands in 2006 Defendants Ronald Buchholz and Equity Enterprises of Nevada, Inc. and DOES 50-60 began to make belated distributions purportedly from EENI-Patriot Courtyards, LLC, resulting in damages to Plaintiff and insufficient cash flow or means to meet Plaintiff's financial obligations as they came due, and as a result, the Church was forced to downsize its ministry and administrative operations, lay off personnel, forfeit its lease, move to another facility, and experienced a loss of members and diminished financial support from donors.

42. Unbeknownst to Plaintiffs, on or about December 27, 2004 defendants Ronald Buchholz and Equity Enterprises of Nevada, Inc. and unknown others secretly dissolved EENI-Patriot Courtyards, LLC and at all times thereafter including at the time defendants induced plaintiffs to make the loan to RNC Holdings, LLC, EENI-Patriot Courtyards, LLC was a dissolved limited liability company and had no intention or ability to make the promised distributions to plaintiff.

43. In 2007, Plaintiffs demanded defendants record a security interest in the Phoenix property to protect their principle loaned to the purported owner of the Phoenix property. In bad faith, Defendants Ronald and Charise Buchholz falsely claimed that the terms of the fourth promissory

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

note- "Lender will have a security interest in the property to secure its principle"- was an alleged 'disclosure' and not a security interest in the property to secure Lender's principle loan of $1,250,000.

44. In 2007, Defendants Community Real Estate, LLC, Ronald Buchholz, Charise Buchholz, RNC Holdings, LLC, Equity Enterprises, Inc., Equity Enterprises- Nevada, Inc. and Solomon Capital Inc. sought to avoid liability to Plaintiffs under the parties' loan, guarantee and security agreement and the fourth promissory note and to this end presented Plaintiffs with a proposed substitute fifth promissory note attached hereto as Exhibit G dated February 5, 2007 in the sum of $1,115,000 seeking to extinguish the debt to Plaintiffs under the fourth promissory note attached hereto as Exhibit F in the sum of $1,250,000 and seeking a release of defendants' liability under the fourth promissory note:

(a) Defendants proposed to substitute Defendant Community Real Estate, LLC, a Nevada limited liability company, as the sole Buchholz company liable for repayment of the $1,250,000 loan, claiming that Defendant Community Real Estate LLC was the 'development arm' of the District project responsible for repayment of the loan to RNC Holdings, LLC, and

(b) Defendants proposed that the new substitute note be in a lesser principle amount, at a lower interest rate, and without the security interest provided in the fourth promissory note or a written guarantee.

(c) Defendants concurrently presented Plaintiffs with a proposed written "Release of Promise to Pay" attached hereto as Exhibit H, which sought a full release of liability as to Defendants Ronald Buchholz and Charise Buchholz, (including their personal and corporate holdings) as well as a release of liability for Defendants RNC Holdings, LLC, Equity Enterprises, Inc., Equity Enterprises- Nevada, Inc. and Solomon Capital Inc. and their 'officers, agents, shareholders etc.' related to the fourth note and "investment in this

project".

45. From and after 2007, Defendants have become evasive and have stone walled Plaintiffs with various excuses with respect to providing information about the status of the fifth investment and repayment of the fourth promissory note. Eventually Defendants admitted that development of the Phoenix property was behind schedule and the District project was experiencing delays and various difficulties and the fourth promissory note would not be paid within on the maturity date set forth in the fourth note.

46. Other investors with the Buchholz companies have not been paid and may have been defrauded as well.

47. Defendant RDB Development LLC and Phoenix Valley Development are now marketing and selling condominiums on the Phoenix property under the name "The Residences at Oak", with business offices located at 20 Great Oaks Blvd. #230 San Jose, CA while wrongfully diverting the sales proceeds to defendants' own use without repaying Plaintiffs for the monies used to develop (and acquire) the Phoenix property.

48. The fourth promissory note has matured without payment in full of the sums due under the note. Despite demands for payment in full, Defendants have failed to pay the sums due under the fourth promissory note, including the principle sum of $1,250,000 together with accrued interest and late charges. Defendants will not commit to a date of payment of the fourth promissory note, thereby causing Plaintiffs damages and to incur attorneys' fees and costs to collect the note.

49. As a result of Defendants' acts and omissions Plaintiffs have incurred damages in an amount not yet fully known and subject to proof at trial.

**FIRST CLAIM**
**Promissory Note**

(As to Defendants RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15)

50. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.



CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

51. The fourth promissory note between Plaintiff VisionQuest and Defendant RNC Holdings, LLC is attached hereto as Exhibit F and incorporated herein as though set forth in full. The Church is a third party beneficiary under the fourth promissory note.

52. Plaintiffs are informed and believe that Defendant Community Real Estate, LLC is liable for repayment of the loan according to Defendants, and DOES 1-15 and unknown named defendants are undisclosed borrowers, principals, co-obligors, owners and/or developers of the Phoenix property, and/or successors-in-interest of RNC Holdings, LLC who by agreement or otherwise are liable for repayment of the fourth promissory note.

53. The fourth promissory note has matured without payment in full and there is now due and owing from Defendants RNC Holdings, LLC, Community Real Estate, LLC, and unknown named defendants and DOES 1-15 obligated on the note all sums due under the fourth promissory note.

54. Despite repeated demands for payment, Defendants have not paid the fourth promissory note in full. The failure to timely pay all sums due under the note has caused Plaintiffs and each of them actual damages.

WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants.

## SECOND CLAIM
### Breach of Contract
### (Written, Oral & Implied Agreement)

(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Charise Buchholz, Ronald Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc., EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC, Community Real Estate, LLC, and DOES 1-15)

55. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

56. In July 2005, Plaintiffs and Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Charise Buchholz, Ronald Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc.,

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC and DOES 1-15 (acting on behalf of themselves and as agents for each other) entered into the loan, guarantee, and security agreement alleged in Paragraphs 26-29 herein in connection with Plaintiff's $1,250,000 loan to RNC Holdings, LLC and fifth investment with Buchholz companies and agreed to act as agents and fiduciaries of plaintiffs in connection with the loan to RNC Holdings, LLC.

57. The terms and conditions of the parties' loan, guarantee, surety and agency agreement was in part oral, and in part implied, and in part memorialized in various writings prepared and/or executed by Defendants and their agents.

58. Pursuant to the parties' agreement, Defendants were obligated to prepare, execute and file the instruments, agreements and paperwork necessary to carry out the parties' loan, guarantee, and security agreement, and in doing so Defendants thereby represented and warranted that the agreements, instruments and paperwork prepared by Defendants were complete, accurate, and properly executed by all of the correct Buchholz companies and filed with the requisite authorities.

59. As agents of Plaintiff VisionQuest, including in formation of VisionQuest and structuring and making the loan from VisionQuest to RNC Holdings, LLC and preparing the related loan, guarantee and security agreements, instruments and paperwork, Defendants Ronald Buchholz, Charise Buchholz and Solomon Capital Inc. owed a duty of undivided loyalty to VisionQuest, including a duty not to misuse their position to gain an unfair advantage over VisonQuest for the benefit of themselves or other Buchholz companies they represented.

60. Pursuant to the parties' established course of conduct and dealing in connection with the second, third and fourth investments and first, second, and third promissory notes with EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC respectively and related written guarantees by Defendants Equity Enterprises, Inc. and Equity Enterprises of Nevada, Inc. (Exhibits A, B, C), Defendants Equity

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Enterprises, Inc. and Equity Enterprises of Nevada, Inc. orally and impliedly agreed to guarantee the fourth loan and promissory note in the same written form as the first three loans, which course of conduct and oral and implied promise by Defendants Equity Enterprises, Inc. and Equity Enterprises of Nevada, Inc induced Plaintiffs to loan $1,250,000 to Defendant RNC Holdings, LLC.

61. Plaintiffs are informed and believe that Defendant Community Real Estate, LLC has assumed liability and is a co-obligor for the parties' loan, guarantee and security agreement.

62. Plaintiffs have fully performed their promises and obligations under the parties' written, oral and implied agreements related to the loan, guarantee and security agreement including but not limited to (1) formation of VisionQuest and (2) the Church making $1,250,000 loan to VisionQuest and (3) VisionQuest making a $1,250,000 loan to RNC Holdings, LLC.

63. Defendants have partially performed Defendants' obligations under the parties' agreement but have failed and refused to perform other of Defendants' obligations under the parties' agreement, and Defendants and each of them materially breached the parties' agreement by, among other things:

(1) Defendants The District, LLC, RDB Development, LLC, Solomon Capital, Inc., Ronald Buchholz, Charise Buchholz and RNC Holdings, LLC failed to prepare and obtain an executed security agreement from the fee owner(s) of the Phoenix property necessary to convey to Plaintiff a security interest in the Phoenix property in the principle sum of $1,250,000;

(2) Defendants Solomon Capital, Inc., Ronald Buchholz, Charise Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and RNC Holdings, LLC failed to prepare and obtain an executed written guarantee from the surety for the Buchholz companies in the same manner Defendant 'Equity Enterprises' had previously guaranteed repayment of the first, second and third promissory notes;

(3) Defendants Ronald Buchholz, Charise Buchholz, and Solomon Capital,

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM

99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Inc. failed to hold Plaintiffs' $1,250,000 in trust until the foregoing agreements and instruments were executed and instead transferred and diverted Plaintiffs' $1,250,000 to RNC Holdings, LLC and/or unauthorized persons and/or for unauthorized uses;

(4)         Defendant EENI-Patriot Courtyards LLC failed to make timely distributions to Plaintiff City Harvest Church in the sums or timing promised by EENI-Patriot Courtyards, LLC and their agents in July 2005 to induce a loan to RNC Holdings, LLC;

(5)         Defendant RNC Holdings, LLC (and Defendant Community Real Estate, LLC pursuant to its agreement with Defendants to assume obligation to repay the loan) failed to pay in full the amounts due under the parties' agreement including failing to timely make annual payments of accrued interest, failing to make a balloon payment of $1,250,000 within 24 months, and failing to pay a late charge of 1% of the outstanding balance of the principal amount of the loan and accrued interest;

(6)         The surety for the Buchholz companies including Defendants Solomon Capital, Inc., Equity Enterprises, Inc., and/or Equity Enterprises of Nevada, Inc. failed to repay the loan plus interest and late charges upon default on the loan;

(7)         Defendants Phoenix Valley Development, LLC, RNC Holdings, LLC, RDB Development, LLC, Community Real Estate LLC and Ronald Buchholz and Charise Buchholz have sold The Residences at Oak condominiums on the Phoenix property without filing the requisite security instruments or holding the sales proceeds in trust for Plaintiffs and without paying back the loan made by Plaintiffs, and by diverting the sale proceeds to other uses and entities;

(8)         And other breaches of the agreement according to proof.

64.   As a proximate cause of Defendants breach of the parties' written, oral and implied agreements, Plaintiffs have incurred general and special damages according to proof at trial

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

including those alleged herein.

65. WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants.

**THIRD CLAIM**
**Quasi-Contract**
**(Implied in Law Agreement)**
(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15)

66. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

67. A contract implied in law for reasons of justice arises when a benefit is accepted or derived by Defendants for which the law implies an obligation to pay plaintiff, namely where Defendants have used for their benefit any property of Plaintiffs in such manner and under such circumstances that the law will impose a duty to compensate Plaintiffs.

68. In July 2005, Plaintiffs loaned $1,250,000 of the Church's funds to RNC Holdings, LLC at Defendants' request for the purpose of RNC Holdings, LLC developing the Phoenix property, which loan Defendants represented and promised would be guaranteed by the surety for the Buchholz companies and secured by a security interest in the Phoenix property.

69. From and after July 2005, Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, unknown named defendants and DOES 1-15 received, accepted and derived a benefit from the use of Plaintiffs' $1,250,000, for which benefit and use the law implies an obligation to pay and compensate Plaintiffs.

70. Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, unknown named defendants and DOES 1-15 and each of them have failed to pay or compensate Plaintiffs for the benefit and use of Plaintiffs' money and property.

71. As a proximate cause of Defendants' failure to compensate Plaintiffs, Plaintiffs have incurred damages according to proof at trial.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

72. WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants.

**FOURTH CLAIM**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Charise Buchholz, Ronald Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc., EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC, Community Real Estate, LLC, and DOES 1-15)

73. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

74. Implied within every contract is an implied covenant of good faith and fair dealing, which prevents one contracting party from engaging in conduct that unfairly frustrates the other party's right to receive the benefits of the parties' agreement.

75. Defendants unfairly frustrated Plaintiffs' right to receive the benefits due under the parties' agreement by incomplete and inadequate disclosures, inadequate preparation of the agreements, instruments and paperwork necessary to carry out the terms of the parties' loan, guarantee, and security agreement, and failing to have the surety for the Buchholz companies execute a written guarantee and failing to have all of the fee owners of the Phoenix property execute the security instruments, and oppressive conduct such as bad faith denial of the existence of a security agreement and selling condominiums without repaying the loan and alleged distributions from EENI-Patriot Courtyards, LLC (a secretly dissolved LLC), and other tactics seeking to gain an unfair advantage, each of which constituted a breach the implied covenant of good faith and fair dealing because they frustrate Plaintiffs' right to receive the benefits of his contract including adequate cash flow until the fourth note matured and prompt repayment of the fourth note upon maturity.

76. As a proximate cause of Defendants breach of the parties' written, oral and implied agreements, Plaintiffs have incurred general and special damages according to proof at trial

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

including those alleged herein.

77. WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants.

**FIFTH CLAIM**
**Specific Performance**
(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15)

78. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

79. Pursuant to the parties' loan, guarantee and security agreement alleged above, Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15 agreed by and through their agents and related entities, that the fee owners of the Phoenix property would execute and convey to Plaintiffs (lender) a security interest in the Phoenix property in the principle sum of $1,250,000 to secure payment of the loan to RNC Holdings, LLC to develop the Phoenix property.

80. Defendants have breached the parties' agreement by failing to cause the fee owners of the Phoenix property to execute and convey to Plaintiffs (lender) a security interest in the Phoenix property in the principle sum of $1,250,000 to secure payment of the loan to RNC Holdings, LLC.

81. Despite demands for a security instrument executed by the fee owners of the Phoenix property, Defendants have failed and refused to cause all owners to execute the agreement for a security interest in the Phoenix property as provided in the note thereby breaching the parties' agreement.

82. Plaintiffs will suffer irreparable injury if a security interest is not promptly executed by the fee owners of the Phoenix property as Defendants are in the process of selling the collateral and condominiums to third parties, and encumbering and conveying interests in the Phoenix property to third parties, depriving Plaintiffs of the collateral and security for the loan without paying Plaintiffs the sums due under the parties' loan, guarantee and security agreement.

83. The court sitting as a court of equity has the power to require defendants and their agents to

execute all instruments and paperwork necessary to carry out the parties' loan, guarantee and security agreement.

84. WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants.

**SIXTH CLAIM**
**Reformation**

(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Unknown Named Defendants and DOES 1-15)

85. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

86. Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Unknown Named Defendants and DOES 1-15, by and through their authorized agents, orally and impliedly agreed to correctly draft, file and execute all agreements, instruments and papers necessary to carry out the parties' loan, guarantee and security agreement in connection with the fifth investment and loan of $1,250,000 to RNC Holdings, LLC.

87. The loan agreement, instruments and paperwork that are the subject of the fifth investment, including the fourth promissory note attached hereto as Exhibit F, were drafted by Defendants and their agents, and omit material terms and conditions of the parties' loan, guarantee and security agreement including the following:

(a) The paperwork omits that accrued interest would be payable annually;

(b) The paperwork omits that the balloon payment of $1,250,000 would be paid within 24 months;

(c) The paperwork omits a writing signed by the surety or guarantor for the Buchholz companies guaranteeing repayment of the $1,250,000 loan;

(d) The paperwork omits the identity of and a writing signed by all fee owners of the Phoenix property obligated to repay the note and conveying a security interest in the

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Phoenix property to Plaintiffs (lender) to secure the principle sum of $1,250,000;

88. Plaintiffs are informed and believe and thereon allege that in drafting the loan, guarantee and security agreement, instruments and paperwork that are the subject of the fifth investment and $1,250,000 loan agreement, Defendants RNC Holdings, LLC, Community Real Estate, LLC, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Unknown Named Defendants and DOES 1-15 inadvertently omitted the above terms and conditions and parties from the paperwork, and in making the $1,250,000 loan all parties were acting under the mistaken belief that the agreement, instruments and paperwork prepared by Defendants accurately reflected and included all of the terms and conditions of and were executed by all of the parties necessary to carry out the terms and conditions of the parties' loan, guarantee and security agreement.

89. Alternatively, Plaintiffs are informed and believe that Defendants knew that Plaintiffs were making a $1,250,000 loan under the mistaken belief that the agreement, instruments and paperwork prepared by Defendants accurately reflected and included all of the terms and conditions of and were executed by all of the parties necessary to carry out the terms and conditions of the parties' loan, guarantee and security agreement and Defendants solicited, induced, received and distributed and use Plaintiffs' $1,250,000 loan with knowledge of Plaintiffs' mistaken belief.

90. Alternatively, Plaintiffs are informed and believe that Defendants and their agents intentionally misled Plaintiffs as to the true identity of the owner of the Phoenix property and the Buchholz company that was to be the owner-developer of the Phoenix property, and intentionally omitted terms and conditions and parties' identities from the paperwork and instruments, and intentionally failed to have the correct entities and Buchholz companies sign the paperwork and instruments necessary to carry out the parties' loan, guarantee and security agreement in order to fraudulently induce Plaintiffs to loan $1,250,000 without a written guarantee from the surety or guarantor of the Buchholz companies or signed security instrument from the owner(s) of the

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Phoenix property.

91. Defendant Community Real Estate, LLC and DOES 1-15 assumed liability or are otherwise liable for repayment of the loan and Defendants' obligations under the parties' loan, guarantee and security agreement and were on actual or constructive notice of the mistakes and/or fraud alleged above when they.

92. The court sitting as a court of equity has the power to reform the instruments and paperwork including the fourth promissory note to include the omitted terms and conditions of the parties' loan, guarantee and security agreement including the names of the Buchholz companies liable under the note and security interest and other omitted terms of the parties' agreement and the power to require defendants and their agents to execute the reformed note and security interest.

**SEVENTH CLAIM**

**Alter Ego Liability**

(As to Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30)

93. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

94. Plaintiffs are informed and believe and thereon allege that Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 formed the Buchholz companies and DOES 1-15 as limited liability companies or shell corporations to insulate Defendants Ronald Buchholz and Charise Buchholz and DOES 20-30 from liability for their own wrongful acts and omissions and liabilities.

95. Plaintiffs are informed and believe and thereon allege that Defendants have not maintained the corporate formalities or separateness of one or more or all of the Buchholz companies.

96. Plaintiffs are informed and believe and thereon allege that Defendants Ronald Buchholz and Charise Buchholz and DOES 20-30 have undercapitalized one or more or all of the Buchholz companies including DOES 1-19 and 31-60, while soliciting investments from Plaintiffs on behalf of these companies, knowing that the undercapitalized LLC would not have the requisite ability to timely repay the loans made by Plaintiffs or distribute the promised return on investment.

97. Plaintiffs are informed and believe and thereon allege that Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 have managed and controlled each of the Buchholz companies sued herein and DOES 1-19 and 31-60 and engaged in an LLC shell game including transferring contracts, assets and liabilities among the Buchholz companies and substituting one LLC for another LLC and other measures to avoid liability to creditors, including Plaintiffs.

98. There exists such a unity of interest and ownership between Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 on the one hand and Defendants RNC Holdings, LLC, Community Real Estate, LLC, Phoenix Valley Development, LLC, RDB Development, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc., and DOES 1-19 and 31-60 on the other hand that the separate personalities between Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 and the Buchholz companies and DOES 1-15 no longer exists and if the acts are treated as those of the Buchholz companies alone and not the acts of Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30, an inequitable result will follow.

99. Piercing the 'corporate veil' is warranted under the unique circumstances of this case as Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 have engaged in acts and omissions that the law views as constituting bad faith and which acts and omission have resulted in damages to Plaintiffs.

100. With respect to each of the causes of action alleged herein against the Buchholz companies and DOES 1-19 and 31-60, the court is requested to pierce the corporate veil and find Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 are the alter ego of the Buchholz companies and DOES 1-19 and 31-60, and individually liable for the obligations of the Buchholz companies and DOES 1-19 and 31-60, and each of them.

101. WHEREFORE, Plaintiffs pray for judgment against Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 as the alter ego of the Buchholz companies and DOES 1-19 and 31-60.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

**EIGHTH CLAIM**
**Promissory Estoppel**

(As to Defendants Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Phoenix Valley Development, LLC, RDB Development, LLC, Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC and DOES 1-15)

102. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

103. Defendants and each of them including Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Phoenix Valley Development, LLC, RDB Development, LLC, Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC and DOES 1-15 made promised in connection with the third solicitation to induce Plaintiffs' to make a loan to RNC Holdings, LLC, and which promises Defendants expected would induce a loan and did in fact induce Plaintiffs to loan $1,250,000 of the Church's funds to RNC Holdings, LLC.

104. Defendants Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Phoenix Valley Development, LLC, RDB Development, LLC, Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC and DOES 1-15, and each of them, are estopped by their own conduct and promises from denying the existence of their duty to pay or guarantee or secure the loan that their promises and conduct induced.

105. RNC Holdings, LLC has not repaid the loan and appears to have no intention of repaying the loan now or in the near future, and/or according to Defendants is unable to repay the loan at this time and Defendants are selling the condominiums on the Phoenix property without repaying the loan.

106. Inasmuch as Defendants' promises induced Plaintiffs' to make a $1,250,000 loan to RNC Holdings, LLC that Defendants promised would be secured by the Phoenix property and guaranteed by the surety for the Buchholz companies, injustice can only be avoided by enforcement of Defendant's promises.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

107. The court sitting as a court of equity may dispense equitable relief as justice requires and employ equitable principles to satisfy the promises sought to be enforced including holding Defendants liable for repayment of the $1,250,000 loan.

108. WHEREFORE, Plaintiffs pray for judgment against Defendants.

**NINTH CLAIM**
**Unjust Enrichment**
(As to Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Community Real Estate, LLC, Ronald Buchholz, Charise Buchholz, Unknown Named Defendants and DOES 1-60)

109. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

110. Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Community Real Estate, LLC, Ronald Buchholz, Charise Buchholz, Unknown Named Defendants and DOES 1-60 were unjustly enriched by the gain or benefit or use of Plaintiffs' $1,250,000 loaned to RNC Holdings, LLC and for which Plaintiffs have not been compensated, and for which the defendants receiving the gain, benefit and use have not paid. A party who is deemed by law to have been unjustly enriched at the expense of another is required to make restitution to the other.

111. Defendants have thereby been unjustly enriched and received a windfall not intended by Plaintiffs and must pay restitution to Plaintiffs and disgorge all profits and assets associated with the gain, benefit and use of Plaintiffs' $1,250,000.

112. WHEREFORE, Plaintiffs pray for judgment against Defendants.

**TENTH CLAIM**
**Constructive Trust**
(As to Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., and RNC Holdings, LLC, unknown named defendants and DOES 45-55)

113. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

114. In connection with the fourth loan, fifth investment and related agreements made by Plaintiffs as alleged herein, Plaintiffs' $1,250,000 has been delivered in trust to Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc. and RNC Holdings, LLC who have transferred said sums

to unknown named defendants and DOES 45-55 including other Buchholz companies and used for purposes other than their intended and agreed by Plaintiffs.

115. A constructive trust thereby arose by operation of law whereby Defendants are obligated to hold said sums and any assets acquired with said sums in trust for the sole benefit of Plaintiffs and must disgorge said sums and assets and profits associated therewith and pay restitution to Plaintiffs in the amount thereof.

116. WHEREFORE, Plaintiffs pray for judgment against Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., RNC Holdings, LLC and DOES 45-55 imposing a constructive trust on the sums loaned by Plaintiff, the assets and profits acquired with Plaintiffs' monies and disgorge and restore all such sums to Plaintiffs.

**ELEVENTH CLAIM**

**(Accounting)**

(As to Defendant EENI-Patriot Courtyards, LLC and DOES 56-60)

117. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

118. Defendant EENI-Patriot Courtyards, LLC and DOES 56-60 have not provided investor members including Plaintiff an accounting related to the first investment. Plaintiff City Harvest Church is a member and passive investor of EENI-Patriot Courtyards, LLC entitled to a full and fair accounting.

119. The Church is unable to ascertain what sum if any is due on the first investment as the documents are in the custody and control of defendants. A full and fair accounting of all income, assets, expenses, liabilities and distributions related to EENI-Patriot Courtyards, LLC is necessary to determine what sum is due the Church, if any, on the first investment.

120. Plaintiff has no adequate remedy at law and for this reason demands Defendants provide a full itemized accounting prepared by a neutral CPA at Defendants' expense.

121. WHEREFORE, Plaintiff Church prays for judgment against Defendants.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

///

**TWELTH CLAIM**

**(Negligence)**

(As to Defendants Charise Buchholz, Ronald Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 30-40)

122.    Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

123.    In connection with the matters alleged herein, Defendants Charise Buchholz, Ronald Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 30-40 held themselves out as expert real estate developers and undertook to become Plaintiffs' financial, investment, and legal advisers, and in this capacity made recommendations as to suitable real estate development investments and business models and prepared agreements, instruments and other paperwork on which Plaintiffs detrimentally relied.

124.    In carrying out their duties, Defendants failed to exercise ordinary care, including in (1) making incomplete, inaccurate and misleading disclosures and financial projections, (2) negligent, incomplete and inaccurate preparation of paperwork and instruments, (3) negligent financial and investment advice and placing Plaintiffs in unsuitable investments not in conformity with Plaintiffs' investment parameters, (4) negligent management of the subject real estate development projects including the first and fifth investments that led to delays and increased expenses and (5) other breaches of the standard of care applicable to real estate investment advisors and developers.

125.    As a proximate cause of Defendants' negligent acts and omissions, Plaintiffs suffered damages.

**THIRTEENTH CLAIM**

**(Breach of Fiduciary Duty)**

(As to Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 50-60)

126.    Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

127.    Defendants Ronald Buchholz and Charise Buchholz actively trade on their minister father's

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

religious denominational associations and good will with other ministers and to engender trust and a confidential relationship with investors in order to solicit real estate investments and loans from local churches and investors, including Plaintiff City Harvest Church and VisionQuest.

128. Defendants Ronald Buchholz, Charise Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. hold themselves out as real estate investment advisers and mentors to local churches and investors, including Plaintiff City Harvest Church and VisionQuest.

129. Plaintiffs placed a high level of trust and confidence in Defendants Ronald Buchholz and Charise Buchholz because of their purported religious and denominational association and Christian values and a high level of trust and confidence in Defendants Ronald Buchholz, Charise Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. in their capacity as investment advisors and mentors.

130. Defendants EENI-Patriot Courtyards, LLC, Ronald Buchholz, Charise Buchholz and DOES 56-60 were fiduciaries with respect to the Church's investment as a member investor in EENI-Patriot Courtyards in Glenview, IL and owed Plaintiff a fiduciary duty with respect to all matters pertaining to their first investment.

131. At the time of the third solicitation and loan that is the subject of the fourth note, Defendants Ronald Buchholz, Charise Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc., and DOES 50-55 were in a special relationship of trust and confidence with Plaintiffs as real estate investment advisors, legal advisors, business advisers and agents with respect to the fifth investment, and in this capacity owed the Church and VisionQuest a duty of the utmost honesty, loyalty, good faith, fair dealing, full disclosure of all material facts, including the duty not to engage in self-dealing or mislead Plaintiffs as to material facts pertaining the first investment in EENI-Patriot Courtyards, LLC or the fifth investment and fourth loan to induce Plaintiff to loan monies to RNC Holdings, LLC.

132. In connection with the fifth investment, Defendants EENI-Patriot Courtyards, Ronald Buchholz, Charise Buchholz and DOES 56-60 likewise owed the Church a duty of the utmost honesty, loyalty, good faith, fair dealing, full disclosure of all material facts, including the duty not to engage in self-dealing or mislead Plaintiff as to material facts pertaining the first investment in EENI-Patriot Courtyards, LLC

133. Plaintiffs are informed and believe that at all times, Defendants had an actual conflict of interest and were operating in their own self-interest without full disclosure of all material facts to Plaintiffs.

134. Plaintiffs justifiably relied on Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 50-60 to honestly advise Plaintiffs and fully disclose all material facts regarding the first and fifth investments and correctly prepare and have the correct parties execute the paperwork and loan and security and guarantee instruments related to Plaintiffs' loan and security interest in the Phoenix property.

135. Plaintiffs justifiably relied on Defendants Ronald Buchholz, Charise Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 30-40, 56-60 to hold in trust the Church's $1,250,000 and distribute such funds after all of the loan, guarantee and security agreements were executed by the proper parties and then deliver the funds only to the owner-developer for authorized purposes to improve the Phoenix property.

136. In or about July 2005, Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 30-40, 56-60 breached their fiduciary duty by, among things, making incomplete, inaccurate and misleading statements and promises to induce Plaintiffs to loan money to RNC Holdings including the following:

a) Defendants misled Plaintiffs into believing that there would be a timely and profitable

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

expected return on the first investment and timely distributions from EENI-Patriot Courtyards, LLC, which statements Defendants knew or had reason to believe were not true or accurate as the Glenview development was behind schedule and had incurred undisclosed expenses affecting the profitability and timeliness of distributions and expected return on the first investment. In reliance on Defendants' representations that EENI-Patriot Courtyard project was on target, Plaintiffs were induced to enter into the transactions and loans that are the subject of the fifth investment and fourth promissory note.

b) Defendants misled Plaintiffs as to the true owners of the Phoenix property and as to the collateral and security and guarantors for the $1,250,000 loan and the ability of RNC Holdings, LLC to repay the loan, and misled Plaintiffs into believing that there would be a timely repayment of the fourth promissory note and the loan, security and guarantee paperwork and instruments was complete, accurate and executed by the proper parties, which statements Defendants knew or had reason to believe were not true or accurate as among other things RNC Holdings, LLC and the security instruments and guarantees had not been executed by the proper parties.

137. Defendants committed the above accts and omissions to induce Plaintiffs to loan $1,250,000 to RNC Holdings, LLC.

138. As a proximate cause of Defendants' breach of fiduciary duty, Plaintiffs suffered damages.

139. In acting as alleged herein, Defendants acted with fraud, malice, oppression or reckless disregard for the rights and property of Plaintiffs.

140. WHEREFORE, Plaintiffs pray for judgment against Defendants.

///

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

**FOURTEENTH CLAIM**

**(Fraud)**

(As to Defendants Ronald Buchholz, Charise Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Solomon Capital Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., Phoenix Valley Development, LLC, RDB Development, LLC, EENI-Patriot Courtyards, LLC and DOES 1-15, 50-60)

141. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

142. At the time of the first solicitation, to induce the Church to invest in EENI-Patriot Courtyards, LLC, Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, and DOES 1-15, 50-60, and each of them, made inaccurate and misleading statements, misrepresenting the true facts, and failed to disclose material facts as to EENI-Patriot Courtyards, LLC including failing to disclose to Plaintiffs the following material facts:

(a) EENI-Patriot Courtyards, LLC was experiencing or expected to experience undisclosed delays and difficulties in development of the Glenview project;

(b) EENI-Patriot Courtyards, LLC had incurred undisclosed expenses or was expected to incur undisclosed expenses that would affect the profitability of the first investment;

(c) EENI-Patriot Courtyards, LLC was expected to incur diminished profits in sums less than represented;

(d) EENI-Patriot Courtyards, LLC was expected to make delayed distributions to investors and not in the time period represented.

(e) Other material facts and misrepresentations not yet discovered or fully known to Plaintiffs.

143. Defendants secretly dissolved EENI-Patriot Courtyards, LLC in or about December 27, 2004, without notice to members including Plaintiff Church while continuing to misrepresent to Plaintiffs that EENI-Patriot Courtyards, LLC was still in existence and doing business and developing the Glenview, IL property.

144.    At the time of the third solicitation, to induce Plaintiffs to loan $1,250,000 to RNC Holdings, LLC, Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, and DOES 50-60, and each of them, made inaccurate and misleading statements, misrepresenting the true facts, and failed to disclose material facts as to EENI-Patriot Courtyards, LLC including failing to disclose to Plaintiffs the following material facts:

      (a) EENI-Patriot Courtyards, LLC was dissolved;

      (b) EENI-Patriot Courtyards, LLC's project was experiencing or expected to experience undisclosed delays and difficulties in development of the Glenview project;

      (c) EENI-Patriot Courtyards, LLC's project had incurred undisclosed expenses or was expected to incur undisclosed expenses that would affect the profitability of the first investment;

      (d) Investors in EENI-Patriot Courtyards, LLC were expected to incur diminished profits in sums less than represented;

      (e) EENI-Patriot Courtyards, LLC would not timely make distributions to investors.

      (f) Other material facts and misrepresentations not yet discovered or fully known to Plaintiffs.

145.    At the time of the third solicitation, to induce the loan to RNC Holdings, LLC, Defendants Ronald Buchholz, Charise Buchholz, RNC Holdings, LLC, Solomon Capital Inc., Phoenix Valley Development, LLC, RDB Development, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and DOES 1-15, and each of them, made inaccurate and misleading statements, misrepresenting the true facts, and failed to disclose material facts as to the District project and Phoenix property including the following material facts:

      (a) 52nd Street Investors, LLC was the fee owner of the Phoenix property;

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

(b) Defendant RNC Holdings, LLC did not own the Phoenix property and was not intended to be an owner of the Phoenix property;

(c) There would be insufficient sales or income available to RNC Holdings, LLC to timely repay the $1,250,000 loan;

(d) The paperwork and instruments prepared by Defendants did not reflect all of the terms and conditions of the parties' loan, guarantee, and security agreement.

(e) Other material facts and misrepresentations not yet discovered or fully known to Plaintiffs.

146. At the time of the fifth investment, Defendants and each of them misled Plaintiffs as to the success and profitability of investments in the Buchholz companies and failed to disclose to Plaintiffs the following material facts:

(a) The Buchholz companies were engaged in undisclosed anticipated, threatened or ongoing litigation and claims, including with creditors, 52nd Street Investors, LLC and affiliated entities, and others;

(b) Investors in various Buchholz enterprises were not as satisfied with their investments in the Buchholz companies as Defendants had led Plaintiffs to believe; and

(c) Other material facts and misrepresentations not yet discovered or fully known to Plaintiffs.

147. Had the true facts been known to Plaintiffs, Plaintiffs would not have entered into the first investment or made the loan to RNC Holdings, LLC.

148. In committing the acts and omissions alleged herein with respect to the first and third solicitations, Defendants knew their statements were untrue, inaccurate, incomplete or misleading, and/or Defendants had insufficient information on which to base such representations.

149. In investing in the first investment and fifth investment alleged herein, Plaintiffs justifiably and detrimentally relied on Defendants' representations and was thereby damaged in a sum in

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

excess of $1,250,000.

150. As a proximate cause of Defendants' actual and/or constructive fraud, Plaintiffs suffered damages.

151. In acting as alleged herein, Defendants acted with intent to deceive, fraud, malice, oppression or reckless disregard for the rights and property of Plaintiffs.

152. WHEREFORE, Plaintiffs pray for judgment against Defendants.

**FIFTEENTH CLAIM**

**Unfair Business Practices**

(As to Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada Inc., RDB Development, EENI-Patriot Courtyards, LLC, RNC Holdings, LLC, Phoenix Valley Development, LLC and DOES 1-60)

153. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

154. Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada Inc., RDB Development, EENI-Patriot Courtyards, LLC, RNC Holdings, LLC, Phoenix Valley Development, LLC and DOES 1-15, 50-60 advertise and market their companies and services as real estate investment experts in multiple states and hold themselves out as investment advisors and mentors to local churches, community organizations and real estate investors within the County of Santa Clara, State of California.

155. Defendants have engaged in conduct and made misrepresentations to investors (including Plaintiffs) to solicit loans and investments in LLCs and failed to disclose material facts to investors (including Plaintiffs) to induce loans to, and investments in, the Buchholz companies, which conduct the law views as unfair business practices in violation of the Business & Professions Code Section 17200. et. seq.

156. As a proximate cause of Defendants unfair business practices, Plaintiffs have incurred losses from entrusting their monies to defendants, which monies equity should order restored to Plaintiffs.

157. WHEREFORE, Plaintiffs pray for judgment against Defendants.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

**SIXTEENTH CLAIM**

**Securities Fraud**

(As to Defendants Ronald Buchholz, Charise Buchholz, Equity Enterprises of Nevada, Inc., EENI-Patriot Courtyards, LLC, and DOES 50-60)

158. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

159. Plaintiffs are informed and believe that the Defendants and each of them including Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, and DOES 50-60 colluded, conspired and agreed to solicit investors to invest in EENI-Patriot Courtyards, LLC based on inaccurate, incomplete and misleading representations and projections including as to the completion date of the project and amount of profits and date of return on investment and continued to make misrepresentations about this investment after EENI-Patriot Courtyards, LLC was secretly dissolved.

160. In making inaccurate, incomplete and misleading representations and projections to induce investors, including Plaintiff City Harvest Church, to invest as investor members of EENI-Patriot Courtyards, LLC, Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC and each of them violated the anti-fraud provisions of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and 10b-5 thereunder.

161. As a proximate cause of Defendants' violations of law, Plaintiffs suffered damages.

162. In acting as alleged herein, Defendants acted with fraud, malice, oppression or reckless disregard for the rights and property of Plaintiffs.

163. WHEREFORE, Plaintiffs pray for judgment against Defendants.

**SEVENTEENTH CLAIM**

**Conspiracy**

(As to Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., RNC Holdings, LLC, Phoenix Valley Development, Inc., RDB Development, LLC, EENI-Patriot Courtyards, LLC, and DOES 1-15, 50-60)

164. Plaintiffs hereby incorporate the foregoing paragraphs as though fully set forth herein.

165. Plaintiffs are informed and believe that the Defendants and each of them including Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., RNC Holdings, LLC, Phoenix Valley Development, Inc., RDB Development, LLC, EENI-Patriot Courtyards, LLC, and DOES 1-15, 50-60 colluded, conspired and agreed with each other to deceive, mislead and withhold material facts from Plaintiffs as to the first and fifth investments to induce Plaintiffs to enter into the fifth investment and loan $1,250,000 to RNC Holdings, LLC.

166. Defendants and each of them committed acts or made misrepresentations or promises in furtherance of the plan and conspiracy and thereby contributed to the harm and damages incurred by Plaintiffs and are jointly and severally liable for all harm and damages caused by the other Defendants' acts or omissions or misrepresentations in furtherance of the conspiracy.

167. As a proximate cause of Defendants' conspiracy to wrongfully induce Plaintiffs to loan monies to RNC Holdings, LLC, Plaintiffs have incurred losses and damages.

168. In acting as alleged herein, Defendants acted with fraud, malice, oppression or reckless disregard for the rights and property of Plaintiffs.

169. WHEREFORE, Plaintiffs pray for judgment against Defendants.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants, and each of them, as follows:

170. **FIRST CLAIM (Promissory Note):** Plaintiffs be awarded a judgment against Defendants RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15 in the principle sum of $1,250,000, plus unpaid accrued interest and late charges provided in the note, less interest actually paid (if any), plus costs and attorneys' fees incurred herein and other relief as provided for by law or in the note.

171. **SECOND CLAIM (Breach of Contract):** Plaintiffs be awarded a judgment against

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Charise Buchholz, Ronald Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc., EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EEI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC, Community Real Estate, LLC, and DOES 1-15 in the full amount of Plaintiffs' general and special damages subject to proof at trial, the principle amount of the fourth promissory note, plus accrued interest (less any interest paid), plus late charges, plus moving costs, loss of financial support, and other damages related to third party claims arising out of Plaintiff's inability to timely pay its obligations due to Defendants' breach.

172. **THIRD CLAIM (Quasi-Contract)**: Plaintiffs be awarded judgment against Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15 in the full amount necessary to compensate Plaintiffs for Defendants' benefit derived from the use of Plaintiffs' $1,250,000.

173. **FOURTH CLAIM (Breach of Implied Covenant of Good Faith and Fair Dealing)**: Plaintiffs be awarded judgment against Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Charise Buchholz, Ronald Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc, Solomon Capital Inc., EENI-Patriot Courtyards, LLC, EENI-Durango Trails, LLC, EENI Ray Ranch, LLC, and EENI-Paseo Village Office Investments, LLC, Community Real Estate, LLC, and DOES 1-15 in the full amount of Plaintiffs' general and special damages proximately caused by their respective breach of the covenant of good faith and fair dealing subject to proof at trial, the principle amount of the fourth promissory note, plus accrued interest (less any interest paid), plus late charges, plus moving costs, loss of financial support, and other damages related to third party claims arising out of Plaintiff's inability to timely pay its obligations due to Defendants' breach.

174. **FIFTH CLAIM (Specific Performance)** Plaintiffs be awarded specific performance

against Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Unknown Named Defendants and DOES 1-15 including an order that Defendants execute all agreements, instruments and paperwork necessary to convey to Plaintiffs a security interest in the Phoenix property in the principle sum of $1,250,000.

175. **SIXTH CLAIM (Reformation)** Plaintiffs be awarded judgment against Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Unknown Named Defendants and DOES 1-15 on the claim for reformation of the agreement, instruments and paperwork prepared by Defendants with respect to the fifth investment and $1,250,000 loan to RNC Holdings, LLC and related loan, guarantee, and security agreement to accurately reflect the identities of the Buchholz companies that are a party to the loan, guarantee and security agreement and to include the omitted terms and conditions as necessary to carry out the terms and conditions and intent of the parties' loan, guarantee and security agreement.

176. **SEVENTH CLAIM (Alter Ego):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz and DOES 20-30 as the alter ego of the Buchholz companies including Defendants Phoenix Valley Development, LLC, RDB Development, LLC, RNC Holdings, LLC, Community Real Estate, LLC, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, EENI-Patriot Courtyards, LLC and DOES 1-19 and 31-60, sued herein and hold them personally liable for the obligations of these Defendants on the respective claims alleged herein.

177. **EIGHTH CLAIM (Promissory Estoppel)** Plaintiffs be awarded judgment against Defendants Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, LLC, Phoenix Valley Development, LLC, RDB Development, LLC, Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC and DOES 1-15 on Plaintiffs' equitable claim for promissory estoppel and pray for the court to find that Defendants are obligated by their promises that induced

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Plaintiffs to make a loan to RNC Holdings, LLC to repay the $1,250,000 loan together with promised interest and late charges.

178. **NINTH CLAIM (Unjust Enrichment):** Plaintiffs be awarded judgment against and restitution from Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Community Real Estate, LLC, Ronald Buchholz, Charise Buchholz, Unknown Named Defendants and DOES 1-60 unjustly enriched by Plaintiffs' loan from RNC Holdings, LLC, including restitution of Plaintiffs' $1,250,000 and assets and profits acquired with Plaintiffs' monies.

179. **TENTH CLAIM (Constructive Trust):** Plaintiffs be awarded judgment against Defendants Phoenix Valley Development, LLC, RDB Development, LLC, Community Real Estate, LLC, Ronald Buchholz, Charise Buchholz, Unknown Named Defendants and DOES 45-55 and imposition of a constructive trust on Plaintiffs' $1,250,000 and the assets and profits acquired with Plaintiffs' monies with restitution of all such sums to Plaintiffs.

180. **ELEVENTH CLAIM (Accounting):** Plaintiff City Harvest Church be awarded judgment against and accounting from EENI-Patriot Courtyards, LLC and DOES 56-60 for a full and fair accounting at Defendant's expense, conducted by a neutral third party CPA, of the income, expenses, assets, liabilities, and profits of EENI-Patriot Courtyards, LLC, and further prays for Defendants to pay to Plaintiff all sums due under the accounting, if any.

181. **TWELTH CLAIM (Negligence):** Plaintiffs be awarded judgment against Defendants Charise Buchholz, Ronald Buchholz, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 30-40 in the amount of Plaintiff's general and special damages proximately caused by Defendants' negligence in a sum subject to proof at trial.

182. **THIRTEENTH CLAIM (Breach of Fiduciary Duty):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc. and Solomon Capital Inc. and DOES 50-60 in the amount of Plaintiff's general and special damages proximately caused by Defendants' breach of

fiduciary in a sum subject to proof at trial in addition to exemplary damages in a sum sufficient to deter Defendants from future similar acts of fraud, oppression, self-dealing and wrongdoing.

183. **FOURTEENTH CLAIM (Fraud):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Solomon Capital Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., Phoenix Valley Development, LLC, RDB Development, LLC and DOES 1-15, 50-60 in the amount of Plaintiff's general and special damages proximately caused by Defendants' actual and/or constructive fraud in a sum subject to proof at trial in addition to exemplary damages in a sum sufficient to deter Defendants from future acts of deceit, fraud, oppression, self-dealing and wrongdoing.

184. **FIFTEENTH CLAIM (Unfair Business Practices):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz, RNC Holdings, LLC, EENI-Patriot Courtyards, LLC, Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., Solomon Capital Inc., Phoenix Valley Development, LLC, RDB Development, LLC and DOES 1-60 together with restitution of Plaintiffs' $1,250,000 and restitution and disgorgement of profits and assets acquired with Plaintiffs' monies including from the sale of condominiums on the Phoenix property.

185. **SIXTEENTH CLAIM (Securities Fraud):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz, EENI-Patriot Courtyards, LLC, and DOES 50-60 in the amount of Plaintiff's general and special damages proximately caused by Defendants' acts and omissions in violation of law in a sum subject to proof at trial in addition to exemplary damages in a sum sufficient to deter Defendants from future similar acts of fraud, oppression, self-dealing and wrongdoing.

186. **SEVENTEENTH CLAIM (Conspiracy):** Plaintiffs be awarded judgment against Defendants Ronald Buchholz, Charise Buchholz, Solomon Capital, Inc., Equity Enterprises, Inc., Equity Enterprises of Nevada, Inc., RNC Holdings, LLC, Phoenix Valley Development, Inc., RDB Development, LLC, EENI-Patriot Courtyards, LLC, and DOES 1-15 and 50-60 in the amount of

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

Plaintiff's general and special damages proximately caused by co-conspirators in furtherance of the conspiracy to wrongfully induce Plaintiffs to loan money to RNC Holdings, LLC in a sum subject to proof at trial in addition to exemplary damages in a sum sufficient to deter Defendants from future similar acts of fraud, oppression, self-dealing and wrongdoing.

**ALL CLAIMS**:

1. Plaintiffs be granted a jury trial;
2. Plaintiffs be allowed to amend this complaint to allege the true facts and identities of the responsible defendants once discovery reveals the true facts and other responsible parties;
3. Plaintiffs be awarded costs of suit to the full extent permitted by law;
4. For such other and further relief as the Court deems proper.

Dated: July 15, 2008

CANNISTRACI LAW FIRM

By: ______________________

Sharonrose Cannistraci, Esq.
Counsel for Plaintiffs

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113

*DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.*

# STRAIGHT NOTE NOT SECURED BY DEED OF TRUST

San Jose, California

The undersigned borrower, E.E.N.I - Durango Trails, LLC , agrees to repay to Lender, Gateway Community Church, the principal sum of $ 500,000 (Five Hundred Thousand Dollars). Terms of the note are as follows:

- Note shall be collateralized by the Durango Trail Office Condominium project in Las Vegas, Nevada.
- This note shall bear simple interest at a rate of 20% per annum and repaid in one balloon payment including interest when the Durango Trails LLC project closes *(estimated to be Spring 2005)* but no later than eighteen (18) months from the date of this agreement. Borrower may repay the note at any time prior to eighteen (18) months without a Prepayment Penalty.
- If for any reason Durango Trails LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender.
- A late fee of 5% shall apply if not paid within 7 calendar days of due date.
- Should legal action be necessary regarding repayment of this note, borrower and guarantor agree that they shall be liable for reasonable legal or other related fees necessary to collect under it's terms.

Date: 6/8/04 [signature]
E.E.N.I - Durango Trails, LLC

Date: 6/8/04 [signature]
Equity Enterprises

Date: ______________ ______________________________

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of SANTA CLARA } ss.

On JUNE 8, 2004 (Date) before me, CATHI M. CIARDELLA (Name and Title of Officer (e.g., "Jane Doe, Notary Public")), personally appeared RONALD BUCHHOLZ (Name(s) of Signer(s)),

☒ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

CATHI M. CIARDELLA
Commission # 1445916
Notary Public - California
Santa Clara County
My Comm. Expires Oct 18, 2007

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

### *OPTIONAL*

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: ______

Document Date: ______ Number of Pages: ______

Signer(s) Other Than Named Above: ______

### Capacity(ies) Claimed by Signer

Signer's Name: ______

☐ Individual
☐ Corporate Officer — Title(s): ______
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: ______

Signer Is Representing: ______

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

*DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.*

## STRAIGHT NOTE NOT SECURED BY DEED OF TRUST

San Jose, California

The undersigned borrower, E.E.N.I - Ray Ranch, LLC , agrees to repay to Lender, Gateway Community Church, the principal sum of $ 500,000 (Five Hundred Thousand Dollars). Terms of the note are as follows:

- Note shall be collateralized by the Ray Ranch Office Condominium project in Chandler, Arizona.
- This note shall bear simple interest at a rate of 20% per annum and repaid in one balloon payment including interest when the Ray Ranch LLC project closes *(estimated to be Spring 2005)* but no later than eighteen (18) months from the date of this agreement. Borrower may repay the note at any time prior to eighteen (18) months without a Prepayment Penalty.
- If for any reason Ray Ranch LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender.
- A late fee of 5% shall apply if not paid within 7 calendar days of due date.
- Should legal action be necessary regarding repayment of this note, borrower and guarantor agree that they shall be liable for reasonable legal or other related fees necessary to collect under it's terms.

Date: 6/8/04 ______________________________
E.E.N.I - Ray Ranch, LLC

Date: 6/8/04 ______________________________
Equity Enterprises

Date: ____________ ______________________________

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of SANTA CLARA } ss.

On JUNE 8 2004 (Date) before me, CATHI M. CIARDELLA (Name and Title of Officer (e.g., "Jane Doe, Notary Public")),
personally appeared RONALD BUCHHOLZ (Name(s) of Signer(s)),

☒ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

CATHI M. CIARDELLA
Commission # 1445916
Notary Public - California
Santa Clara County
My Comm. Expires Oct 18, 2007

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

*OPTIONAL*

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: __________

Document Date: __________ Number of Pages: __________

Signer(s) Other Than Named Above: __________

## Capacity(ies) Claimed by Signer

Signer's Name: __________

☐ Individual
☐ Corporate Officer — Title(s): __________
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: __________

Signer Is Representing: __________

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

*DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.*

# STRAIGHT NOTE NOT SECURED BY DEED OF TRUST

San Jose, California

The undersigned borrower, E.E.N.I - Paseo Village Office Investors, LLC , agrees to repay to Lender, Gateway Community Church, the principal sum of $ 250,000 (Two Hundred Fifty Thousand Dollars). Terms of the note are as follows:

- Note shall be collateralized by the Paseo Village Office Condominium project in Glendale, Arizona.
- This note shall bear simple interest at a rate of 20% per annum and repaid in one balloon payment including interest when the Paseo Village Office Investors LLC project closes *(estimated to be Spring 2005)* but no later than eighteen (18) months from the date of this agreement. Borrower may repay the note at any time prior to eighteen (18) months without a Prepayment Penalty.
- If for any reason Paseo Village Office Investors LLC does not pay this note as agreed, Equity Enterprises, by signature below, will guarantee to pay the remainder to Lender.
- A late fee of 5% shall apply if not paid within 7 calendar days of due date.
- Should legal action be necessary regarding repayment of this note, borrower and guarantor agree that they shall be liable for reasonable legal or other related fees necessary to collect under it's terms.

Date: 6/8/04 ______________________ E.E.N.I - Paseo Village Office Investors, LLC

Date: 6/8/04 ______________________ Equity Enterprises

Date: ______ ______________________

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of SANTA CLARA } ss.

On JUNE 8, 2004 (Date) before me, CATHI M. CIARDELLA (Name and Title of Officer (e.g., "Jane Doe, Notary Public")), personally appeared RONALD BUCHHOLZ (Name(s) of Signer(s)),

☒ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

CATHI M. CIARDELLA
Commission # 1445916
Notary Public - California
Santa Clara County
My Comm. Expires Oct 18, 2007

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: ______

Document Date: ______ Number of Pages: ______

Signer(s) Other Than Named Above: ______

**Capacity(ies) Claimed by Signer**

Signer's Name: ______

☐ Individual
☐ Corporate Officer — Title(s): ______
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: ______

Signer Is Representing: ______

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

# PROMISSORY NOTE

1,250,000
~~$1,495,000.~~ July _____, 2005 San Jose, CA

For value received, the undersigned, hereinafter referred to as "Maker," promises to pay to the order of VisionQuest CHC, LLC, or any subsequent holder (hereinafter "Holder") of this Promissory Note ("Note") who is Holder at the time of such payment, at 20 Great Oaks Blvd, Suite 230, San Jose, CA 95119, or at such other place as Holder may designate in writing, the principal sum of One Million Four Hundred Ninety-Five Thousand Dollars ($1,495,000) plus any accrued and unpaid interest thereon, as follows:

A. This Note shall bear simple interest at the rate of twenty percent (20.0%) per annum ~~for the life of the Note~~ (the "Interest").

B. Maker shall pay to Holder the principal balance, plus any accrued interest 24 ~~sixty (60)~~ months from the date of execution of this Note (the "Due Date").

C. Maker shall be entitled to make principal reduction payments and to prepay this Promissory Note, in whole or in part, at any time, without penalty or bonus.

D. If the payment is not paid within thirty (30) days after the Due Date, Maker shall pay a sum equal to one percent (1%) of the outstanding balance of principal and interest as a late charge. Maker understands that actual damages will be extremely difficult and impracticable to ascertain if the payment is not paid on the Due Date.

E. Lender acknowledges that the Maker intends to use these funds for investment in a real estate development project. Lender has no rights or claims to the profits from these investments. Lender's rights are limited to the interest payments that are described herein and Lender agrees to indemnify and hold harmless all parties, other than Maker, of any obligation to repay this note or any associated interest.

As used herein, "default" means a failure by Maker to make full payment by the Due Date. Partial payment on the Due Date shall constitute a default, as shall complete nonpayment of the payment.

In case any suit, action or efforts are instituted to collect this Note, or any portion thereof, Maker promises to pay, in addition to the costs and disbursements provided by statute, the reasonable attorneys' fees incurred by Holder in initiating and prosecuting such suit, action or efforts, whether or not the matter proceeds to judgment, and whether or not a suit or action is commenced.

This Note is executed effective the date first written above.

Collateralized & guaranteed

_______________________________
[Signature]

By: RNC Holdings, LLC
A Nevada Limited Liability Company

Name: _______________________

Its: _______________________

This document is to acknowledge that following three notes below have been paid in full as of Friday, July 08, 2005, along with interest in the amount of $495,890.00

Straight Note Not Secured By Deed of Trust
Borrower: EENI-Durango Trials, LLC
Amount: $500,000
Date: June 8/2004

Straight Note Not Secured By Deed of Trust
Borrower: EENI-Ray Ranch, LLC
Amount: $500,000
Date: June 8, 2004

Straight Note Not Secured By Deed of Trust
Borrower: EENI-Paseo Village Office Investors, LLC
Amount: $250,000
Date: June 8, 2004

All principle, in the amount of $1,250,000.00 has been reinvested in a new Promissory Note to RNC Holdings, LLC.

Agreed Upon on this such date 7-8-05

Gateway Community Church/City Harvest Church
Stephen Pruett

EENI-Durango Trails, LLC
Charice Buchholz

EENI-Ray Ranch, LLC
Charice Buchholz

EENI-Paseo Village, LLC
Charice Buchholz

# PROMISSORY NOTE

$1,250,000 July 8, 2005 San Jose, CA

For value received, the undersigned, hereinafter referred to as "Maker," promises to pay to the order of VisionQuest CHC, LLC, or any subsequent holder (hereinafter "Holder") of this Promissory Note ("Note") who is Holder at the time of such payment, at 20 Great Oaks Blvd, Suite 230, San Jose, CA 95119, or at such other place as Holder may designate in writing, the principal sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) plus any accrued and unpaid interest thereon, as follows:

A. This Note shall bear simple interest at the rate of twenty percent (20.0%) per annum for the life of the Note (the "Interest").

B. Maker shall pay to Holder the principal balance, plus any accrued interest thirty (30) months from the date of execution of this Note (the "Due Date").

C. Maker shall be entitled to make principal reduction payments and to prepay this Promissory Note, in whole or in part, at any time, without penalty or bonus.

D. If the payment is not paid within thirty (30) days after the Due Date, Maker shall pay a sum equal to one percent (1%) of the outstanding balance of principal and interest as a late charge. Maker understands that actual damages will be extremely difficult and impracticable to ascertain if the payment is not paid on the Due Date.

E. Lender acknowledges that the Maker intends to use these funds for investment in a real estate development project known as "The District" in Phoenix, AZ. Lender will have a security interest in the property to secure its principle, but has no rights or claims to the profits from these investments. Lender's rights are limited to the interest payments that are described herein and Lender agrees to indemnify and hold harmless all parties, other than Maker, of any obligation to repay this note or any associated interest.

As used herein, "default" means a failure by Maker to make full payment by the Due Date. Partial payment on the Due Date shall constitute a default, as shall complete nonpayment of the payment.

In case any suit, action or efforts are instituted to collect this Note, or any portion thereof, Maker promises to pay, in addition to the costs and disbursements provided by statute, the reasonable attorneys' fees incurred by Holder in initiating and prosecuting such suit, action or efforts, whether or not the matter proceeds to judgment, and whether or not a suit or action is commenced.

This Note is executed effective the date first written above.

[Signature]

By: RNC Holdings, LLC
A Nevada Limited Liability Company

Name: Charice Buchholz

Its: Manager

Amount: $1,115,000

Date: February 5, 2007

PROMISSORY NOTE

For value received the undersigned, Community Real Estate, LLC, a Nevada limited liability company ("Maker"), promises to pay to the order of VisionQuest CHC, LLC, or any subsequent holder of this Note ("Lender"), at 20 Great Oaks Blvd., Suite 230, San Jose, California 95119, or such other place designated in writing by Lender, the principal sum of One Million One Hundred Fifteen Thousand and No/100ths Dollars ($1,115,000.00) upon the terms and conditions set forth below. Simple interest shall accrue on the unpaid principal balance hereof at the rate of fifteen percent (15%) per annum. **All unpaid principal and accrued interest will be due and payable in full on or before sixty (36) months from the date hereof.**

Maker may make periodic payments of interest and, without premium or penalty, may prepay any unpaid principal of this Note in whole or in part with accrued interest to the date of such prepayment on the amount prepaid at any time or times. Additionally, if the Holder request early repayment of any amount of this loan and Maker agrees to the same, all accrued interest on the amount of the early repayment will be forgiven and the early repayment will be applied as a reduction to the principle balance of the note.

Upon nonpayment of the indebtedness evidenced by this Note to Lender in accordance with its terms or upon the occurrence of an event of default as defined in any agreement given to secure this Note or any other note or obligation of Maker to Lender, unless Lender shall otherwise elect, the full amount due hereunder shall be immediately due and payable, but not until Lender gives Maker written notice of not less than thirty (30) days by certified U.S. mail or hand delivery specifying therein the default or breach and allow Maker to cure such default or breach within said thirty (30) day period.

No delay on the part of Lender in the exercise of any right or remedy shall operate as a waiver thereof, no single or partial exercise by Lender of any right or remedy shall preclude any other future exercise thereof or the exercise of any other right or remedy and no waiver or indulgence by Lender of any default shall be effective unless in writing and signed by Lender nor shall waiver by Lender of any right on one occasion be construed as or be a bar to or waiver of any such right on any future occasion.

Maker, each endorser hereof and any other party liable for the indebtedness evidenced hereby severally waive demand, presentment, notice of dishonor and consent to any extension or postponement of the time for its payment; release of any security interest securing this Note; or the addition of any party hereto or the release or discharge of or suspension of any rights or remedies against any person who may be liable for the payment of the indebtedness evidenced hereby.

The loan evidenced hereby has been made and this Note has been delivered at San Jose, California, and shall be governed by the laws of the State of California. Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law but if any provision of this Note shall be prohibited by or invalid under such law such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Note.

Maker agrees to pay all expenses, costs, fees of collection of amounts evidenced under this Note including reasonable attorneys' fees and legal expenses. This Note shall be binding upon the successors, and permitted assigns of Maker.

Community Real Estate, LLC, a Nevada limited liability company

By: ______________________________

Name: ____________________________

Title: _____________________________

VisionQuest CHC, LLC, a Nevada limited liability company

By: ______________________________

Name: ____________________________

Title: _____________________________

**RELEASE OF PROMISE TO PAY**

On July 8, 2005, RNC Holdings, LLC executed a Promissory Note with for the principle amount of $1,250,000 in favor of VisionQuest CHC, LLC.

Since the full face amount of the Promissory Note has been paid to the undersigned Note Holder ("holder"), the intention of this agreement is to release RNC Holdings, LLC from its obligations under the note, including all payment of principle, interest and fees. In consideration for payment in the amount of $10.00 (ten dollars and no cents), the undersigned Holder, hereby irrevocably and forever releases RNC Holdings, LLC, a Nevada Limited Liability Company (the "Company") from its Promise to Pay under the Promissory Note and releases all of his/her/their rights, title, claims and interest in the Company including his/her/their respective rights to interest, fees, capital, profits, losses, distributions, assets and liabilities of the Company with respect to said Promissory Note.

Holder further acknowledges and understands that by entering into this agreement, Holder agrees to unconditionally release and forever hold harmless RNC Holdings, LLC, Ronald Buchholz (*including his personal and corporate holdings*), Charice Buchholz-Fischer *(including her personal and corporate holdings)*, Equity Enterprises, Inc., Equity Enterprises – Nevada, Inc. and Solomon Capital Inc., including, but not limited to, all their officers, directors, managers, employees, agents, contractors, shareholders, members and affiliates *(hereafter called Released Parties)* from any and all claims, actions, causes of action, demands, claims, rights, damages, costs, sums of money, accounts, covenants, contracts, promises, attorney fees, and all liabilities of any kind or nature whatsoever at law, in equity, or otherwise which Holder or their heirs, personal representatives, executors, administrators, successors, or assigns *(as to whom this agreement is also binding)* ever had, now have, or may have in the future against any of the Released Parties related to their investment in this project.

Holder knowingly and intentionally waives any protection afforded to them by California Civil Code §1542, regarding facts which are or may be unknown at this time which states: *"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."*

Holder acknowledges that he/she/they have thoroughly and carefully read this agreement and understands that they are waiving claims of any type regarding this investment against the Released Parties.

Agreed to this day:

2 / 5 / 2006

**By: Steven Pruitt, Manager**
**VisionQuest, CHC, LLC**
**A Nevada Limited Liability Company**

[signature]
**By: Charice Buchholz-Fischer, Manager**
**RNC Holdings, LLC**
**A Nevada Limited Liability Company**

**RELEASE OF PROMISE TO PAY**

On July 8, 2005, RNC Holdings, LLC executed a Promissory Note with for the principle amount of $1,250,000 in favor of VisionQuest CHC, LLC.

Since the full face amount of the Promissory Note has been paid to the undersigned Note Holder ("holder"), the intention of this agreement is to release RNC Holdings, LLC from its obligations under the note, including all payment of principle, interest and fees. In consideration for payment in the amount of $10.00 (ten dollars and no cents), the undersigned Holder, hereby irrevocably and forever releases RNC Holdings, LLC, a Nevada Limited Liability Company (the "Company") from its Promise to Pay under the Promissory Note and releases all of his/her/their rights, title, claims and interest in the Company including his/her/their respective rights to interest, fees, capital, profits, losses, distributions, assets and liabilities of the Company with respect to said Promissory Note.

Holder further acknowledges and understands that by entering into this agreement, Holder agrees to unconditionally release and forever hold harmless RNC Holdings, LLC, Ronald Buchholz (*including his personal and corporate holdings*), Charice Buchholz-Fischer *(including her personal and corporate holdings)*, Equity Enterprises, Inc., Equity Enterprises – Nevada, Inc. and Solomon Capital Inc., including, but not limited to, all their officers, directors, managers, employees, agents, contractors, shareholders, members and affiliates *(hereafter called Released Parties)* from any and all claims, actions, causes of action, demands, claims, rights, damages, costs, sums of money, accounts, covenants, contracts, promises, attorney fees, and all liabilities of any kind or nature whatsoever at law, in equity, or otherwise which Holder or their heirs, personal representatives, executors, administrators, successors, or assigns *(as to whom this agreement is also binding)* ever had, now have, or may have in the future against any of the Released Parties related to their investment in this project.

Holder knowingly and intentionally waives any protection afforded to them by California Civil Code §1542, regarding facts which are or may be unknown at this time which states: *"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."*

Holder acknowledges that he/she/they have thoroughly and carefully read this agreement and understands that they are waiving claims of any type regarding this investment against the Released Parties.

Agreed to this day:

2 / 5 / 2006

**By: Steven Pruitt, Manager**
**VisionQuest, CHC, LLC**
**A Nevada Limited Liability Company**

**By: Charice Buchholz-Fischer, Manager**
**RNC Holdings, LLC**
**A Nevada Limited Liability Company**

52nd Street and Oak
47 Town homes
7/7/2005

Development Budget

| | | | |
|---|---|---|---|
| Land Area | | 2.6 | acres |
| Land Cost psf of Land Area | $ | 19.50 | |
| Building Area | | 76,075 | s.f. |
| Coverage | | 67% | |
| Number of Units | | 47 | units |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | PSF | | Per Unit | | |
| Land | | 2,208,492 | $ | 29.03 | $ | 46,989 |
| Closing Costs | | 2,045 | $ | 0.03 | $ | 44 |
| Total Land Costs | | 2,210,537 | $ | 29.06 | $ | 47,033 |
| | | | | | | |
| Bldg - Construction Costs | | 4,336,275 | $ | 57.00 | $ | 92,261 |
| Site - Construction Costs | | 1,521,500 | $ | 20.00 | $ | 32,372 |
| Pool Construction | | 60,000 | $ | 0.79 | $ | 1,277 |
| Permit Fees | | 50,000 | $ | 0.66 | $ | 1,064 |
| Utility Connection Fees | | 50,000 | $ | 0.66 | $ | 1,064 |
| Plan Review Fees | | 20,000 | $ | 0.26 | $ | 426 |
| Architecture | | 570,000 | $ | 7.49 | $ | 12,128 |
| Landscape Architecture | | 43,000 | $ | 0.57 | $ | 915 |
| Civil | | 35,000 | $ | 0.46 | $ | 745 |
| Geotechnical | | 3,000 | $ | 0.04 | $ | 64 |
| Platting & Staking | | 16,500 | $ | 0.22 | $ | 351 |
| Testing | | 20,000 | $ | 0.26 | $ | 426 |
| Engineering | | 40,000 | $ | 0.53 | $ | 851 |
| Permit Expeditor | | 65,000 | $ | 0.85 | $ | 1,383 |
| Renderings | | 12,000 | $ | 0.16 | $ | 255 |
| Dry Utilities | | 7,500 | $ | 0.10 | $ | 160 |
| Construction Management Fee | | 200,000 | $ | 2.63 | $ | 4,255 |
| Signage | | 20,000 | $ | 0.26 | $ | 426 |
| Legal | | 15,000 | $ | 0.20 | $ | 319 |
| Accounting | | 45,000 | $ | 0.59 | $ | 957 |
| Property Taxes | | 12,000 | $ | 0.16 | $ | 255 |
| Insurance | | 700,000 | $ | 9.20 | $ | 14,894 |
| Marketing | | 100,000 | $ | 1.31 | $ | 2,128 |
| Developer Fee | | 600,000 | $ | 7.89 | $ | 12,766 |
| Quality Assurance | $ 1,450 per unit | 68,150 | $ | 0.90 | $ | 1,450 |
| HOA Subsidy | | 8,000 | $ | 0.11 | $ | 170 |
| Contingency | 2.00% | 175,500 | $ | 2.31 | $ | 3,734 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Interest Reserve | | | | | | 180,000 | $ | 2.37 | $ | 3,830 |
| Financing Fees | 1.00% | | | | | 70,000 | $ | 0.92 | $ | 1,489 |
| Total Construction Costs | | | | | | 9,043,425 | $ | 118.88 | $ | 192,413 |
| Total Project Costs | | | | | | 11,253,962 | $ | 147.93 | $ | 239,446 |
| Sales Summary | | | | | | | | | | |
| | Size | Quantity | | Ppsf | | | | PSF | | Per Unit |
| Unit A | 1385 | 9 | $ | 195 | $ | 2,430,675 | $ | 31.95 | $ | 270,075 |
| Unit B | 1637 | 20 | $ | 195 | $ | 6,384,300 | $ | 83.92 | $ | 319,215 |
| Unit C | 1715 | 18 | $ | 195 | $ | 6,019,650 | $ | 79.13 | $ | 334,425 |
| Gross Sales Proceeds | | | | | $ | 14,834,625 | $ | 195.00 | $ | 1,648,292 |
| Less: | | | | | | | | | | |
| Sales Commission | 6.00% | | | | | 890,078 | $ | 11.70 | $ | 98,898 |
| Closing Costs | 0.75% | | | | | 111,260 | $ | 1.46 | $ | 12,362 |
| Sales Tax | 0.95% | | | | | 140,929 | $ | 1.85 | $ | 15,659 |
| Net Sales Proceeds | | | | | $ | 13,692,359 | $ | 179.99 | $ | 1,521,373 |

**Equity Analysis**

| | | |
|---|---|---|
| Total Project Costs | $ | 11,253,962 |
| | | 80% |
| Loan Amount | $ | 9,003,170 |
| Cash Equity (25% of A&D Budget) | $ | 1,750,000 |
| Project Profit | $ | 2,438,397 |
| Project Cash on Cash Return | | 139% |

The District

Location
Phoenix, AZ.

Features
New construction of fourty-seven unit townhome development totaling 75,000 sq. ft. on the corner of 52nd & Oak.

20 Great Oaks Blvd. #230
San Jose, CA 95119

phone 408.227.2200
fax 408-904.5884
www.RDBDevelopment.com

Received: 5/30/05 ... 408-224-5963 -> ... Page Case 5:08-cv-03410-RMW Document 1 Filed 07/15/2008 Page 66 of 70
05/30/2008 14:39 408-22_ _5963 CITY HARVEST C_ _CH PAGE 05

DEVELOPMENT DATA
ORB
Architecture, LLC
VICINITY MAP
SITE
PRELIMINARY
THE DISTRICT
OAK STREET
PRELIMINARY SITE PLAN
1.10
SITE PLAN
PRELIMINARY



Received: 5/30/08

05/30/2008 14:39 408-22_ 5963 CITY HARVEST C_ _RCH PAGE 06

THE DISTRICT

PRELIMINARY





Received: 5/30/08 2:05PM; Case 5:08-cv-03410-RMW Document 1 408 224 5963 -> LAW OFFICES; Filed 07/15/2008 Page 7 Page 68 of 70
05/30/2008 14:39 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 CITY HARVEST CHURCH PAGE 07

PRELIM. FRONT ELEVATION

PRELIM. RIGHT ELEVATION

PRELIM. REAR ELEVATION

PRELIM. LEFT ELEVATION

PRELIMINARY

ORB
Architecture, LLC

THE BLOCH COMPANIES

THE DISTRICT

2.22

BUILDING TYPE 2
EXTERIOR ELEVATIONS



# DEPOSIT RECEIPT

Received From: Visionquest CHC, LLC

Check #: 411247679 Amount: $1,004,110.00

☐ Pooled Investment:

☐ Property:

☒ Other: RNC Holdings

Made Payable To:

☐ Solomon Capital, Inc.

☒ Other: RNC Holdings, LLC

Received By: (Print name) Anna Keirstead

(Signature) Anna Keirstead

(Date) 7/20/05

Bank of America

Cashier's Check

No. 411247679

VOID AFTER 90 DAYS

Date JULY 20, 2005

11-35/1210

Banking Center WATERFORD CENTER

0001010 00012 001247679

VISIONQUEST CHC, LLC
Remitter (Purchased By)

Pay **ONE MILLION FOUR THOUSAND ONE HUNDRED TEN DOLLARS AND 00 CENTS**

$ **1004110.00**

To The Order Of **RNC HOLDINGS, LLC**
****

Authorized Signature

Bank of America, N.A.
San Francisco, CA

⑈411247679⑈ ⑆121000358⑆ 13970⑉85076⑈

THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK


Certificate of Foreign Status

Friday, July 8, 2005

Steve Pruett
VisionQuest CHC, LLC

Steve,

This letter is to inform you of all the important information needed to maintain your Nevada Limited Liability Company.
Once you receive the stamped Articles of Organization from the Nevada Secretary of State, you will want to get an EIN Number for your LLC. You are able to apply for an EIN online, it is very easy. Just go to the irs.gov website and apply for a new EIN. Below is a link:
http://www.irs.gov/businesses/small/article/0,,id=102766,00.html

Next, you will need to file an initial list right away and send the initial list along with a $125.00 check to the Nevada Secretary of State. All forms are online available to you at the below link:
http://sos.state.nv.us/comm_rec/crforms/llc_index.htm

I have filled out the initial list for you already, if nothing changes you can just sign that one and send it in once the LLC is formed.
Once a year you will be required to fill out an Annual List of Officers with a $125.00 fee. The Nevada Secretary of State will send you one when it is due annually.

The Initial List and Annual List are opportunities for you to change any managers or members or to update any information with the $125.00 annual fee.

At any other time in the year if you wish to make changes, it will have additional costs. Anytime you need to check on your LLC, make changes, or to verify it is in good standing, contact the Nevada Secretary of State and a live person can walk you through the steps you will need to take.

Nevada Secretary of State
206 North Carson Street
Carson City, NV 89701-4299
Ph: (775) 684-5708
Secretaryofstate.biz

If you ever have any questions, feel free to contact me at (408) 227-2200 and I will be happy to help answer your questions.

Nicole Krug

Nicole Krug