**E-FILED on** 11/24/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VISIONQUEST CHC, LLC and GATEWAY COMMUNITY CHURCH,<br><br>  Plaintiffs,<br><br>  v.<br><br>RONALD BUCHHOLZ, CHARISE BUCHHOLZ, SOLOMON CAPITAL INC., EQUITY ENTERPRISES INC., EQUITY ENTERPRISES OF NEVADA INC., RNC HOLDINGS LLC, RDB DEVELOPMENT LLC, EENI-PATRIOT COURTYARDS LLC, COMMUNITY REAL ESTATE LLC, THE DISTRICT, LLC,<br>PHOENIX VALLEY DEVELOPMENT, LLC, EENI-PATRIOT COURTYARDS, LLC, EENI-DURANGO TRAILS, LLC,<br>EEI-RAY RANCH, LLC, and<br>EENI-PASEO VILLAGE, LLC,<br><br>  Defendants. | No. C-08-3410 RMW<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants move to dismiss Gateway Community Church and VisionQuest, LLC's ("Gateway Church") action pursuant to Fed. R. Civ. P. Rules 9(b), 12(b)(1), and 12(b)(6). Plaintiffs oppose the motion and request leave to amend the complaint. For the reasons stated below, the court grants the motion to dismiss with leave to amend.

## I. BACKGROUND

This action arises out of Gateway Church's investments into Ronald ("Buchholz") and Charise Buchholz's real-estate development projects. According to the complaint, Buchholz approached Gateway Church in May/June of 2004 seeking their investment, and suggesting that his real-estate project was suited for Gateway's stated desire for reliable returns and low risk to the principal. Complaint ¶ 26. Gateway made an initial investment of $250,000 into EENI-Patriot Courtyards, LLC, a project that Buchholz allegedly stated would be completed, and Gateway's return on investment realized, by October/November of 2005. *Id.*

Between June of 2004 and early 2006, it appears that Gateway Church made at least three additional investments into Buchholz projects totaling over one million dollars. *Id.* at 7-17. Though some payments to Gateway have apparently been made, the fourth promissory note, at least, is now delinquent, and Gateway filed this lawsuit in part to collect on it. *Id.* at ¶ 46.

## II. ANALYSIS

**A.     The Complaint Fails to State Subject-Matter Jurisdiction**

The complaint's stated basis for this court's jurisdiction is, as the parties seem to agree, inadequate. Plaintiffs and defendants must be in complete diversity, and according to the complaint they are not. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004); Complaint ¶¶ 3-4, 14-17. Thus, this court's jurisdiction over the action must arise out of the only federal-law claim it includes: the violation of §§ 17(a) and 10(b) of the Securities Exchange Act. 28 U.S.C. § 1331.

**B.     No Private Right of Action is Available Under § 17(a)**

Defendants move to dismiss plaintiffs claim under § 17(a) of the Securities Exchange Act, arguing that § 17(a) provides no private right of action. Defendants are correct. *In re Washington Public Power Supply System Securities Litigation*, 823 F.2d 1349 (9th Cir. 1987). Plaintiffs claim under § 17(a) is therefore dismissed.

**C.    Action is Not Time-barred Under § 10(b)**

The instant suit under § 10(b) is timely only if it was filed "not later tham . . . 2 years after the discovery of the facts constituting the violation." 28 U.S.C. 1658(b). The two-year limitations period starts to run on the date the plaintiff had either 1) actual notice of the facts constituting the violation; or 2) should have, with inquiry notice and in the exercise of reasonable diligence, discovered the facts constituting the alleged fraud. *Betz v. Trainer Wortham & Company, Inc.*, 519 F.3d 863, 876 (9th Cir. 2007).

1.    *Actual Notice*

For the Church to have had actual notice, it must have actually discovered that it had a claim against defendants for securities fraud. *Id.* at 874. This includes notice that defendants had the a mental state "embracing intent to deceive, manipulate, or defraud." *Id.* Defendants point to representations, allegedly made in May and June of 2004, that the project would be completed and the return realized, in October/November of 2005. Thus, defendants argue, as of October/November of 2005 plaintiffs had actual notice that those representations were inaccurate. Defendants point to no other facts suggesting that plaintiffs had actual notice before July of 2006. This is insufficient to impute actual notice on plaintiffs. That defendants were wrong in their predictions about the project completion date and the associated return on investment hardly shows a motive to deliberately deceive. As plaintiffs point out, real-estate development projects are commonly subject to construction delays. Pls.' Opp to Mot. to Dismiss 18. Taking the few allegations in the complaint as true, a reasonable jury could here conclude that the Church had not discovered, as of July of 2006, that the defendants had intentionally mislead them.

2.    *Inquiry Notice*

In *Betz* the Ninth Circuit held that either actual or inquiry notice could start the running of the statute of limitations on a federal securities fraud claim. 519 F.3d at 875. Under the inquiry-notice standard, the court articulated a two-step process. First, the court must determine "when plaintiff had inquiry notice of the facts giving rise to his or her securities fraud claim." *Id.* at 876. A plaintiff is on inquiry notice when "there exists sufficient suspicion of fraud to cause a reasonable investor to investigate the matter further." *Id.* Second, the court will "ask when the investor, in the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                            3

exercise of reasonable diligence, should have discovered the facts constituting the alleged fraud." *Id.* When the investor should have discovered those facts, the statute of limitations begins to run. *Id.*

Besides describing the dates and terms of the various investments by the Church, the complaint alleges few facts on which to adjudicate the existence of inquiry notice. The complaint does state that "after repeated demands in 2006" defendants began making belated distributions, and that in 2007 plaintiffs demanded that defendants record a security interest in the Phoenix property. Complaint ¶ 41-43. These statements suggest at least that plaintiffs inquired into the status of their investment at some point in 2006, but there is insufficient detail to support a legal finding that plaintiffs had inquiry notice at a particular time.

Next, Section IV of plaintiffs opposition is entitled "Summary of Allegations in the Complaint." Pls.' Opp. to Mot. to Dismiss 4. But that section includes numerous facts that the court cannot find in the complaint. For example, plaintiffs state that "[t]he only fact about this investment known to defendants after November 2005 was that the project was behind its projected construction schedule" and "EENI Patriot Courtyards made payment distributions throughout 2006." *Id.* Other statements and dates in Section IV are similarly absent from the complaint. The court reminds the plaintiffs that it is the *complaint*, not later-filed legal memoranda, which must form the factual basis for their case.

Because the statute of limitations is an affirmative defense, defendants bear the burden of showing that § 1658(b)'s period bars plaintiffs claim. *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1122 (9th Cir. 2007). Defendants have not carried that burden here. The court therefore will not dismiss the complaint as untimely.

**D.    Plaintiffs' Fails to State a Claim Under the Private Securities Litigation Reform Act**

The Private Securities Litigation Reform Act ("PLSRA") requires that in securities actions based on an untrue statement of a material fact or a misleading omission[1] the complaint shall

---

[1] 28 U.S.C. § 78u-4(b)(1) states:
(b) Requirements for securities fraud actions
    (1) *Misleading statements and omissions*
     In any private action arising under this chapter in which the plaintiff alleges that the defendant—

"specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 28 U.S.C. § 78u-4(b)(1).  Plaintiffs allege that defendants violated § 10(b) by making both fraudulent and misleading representations. They must therefore comply with the heightened pleading requirements of PLSRA.  Complaint ¶ 159.

Plaintiffs do state that defendants' projection that the project would be completed by October/November of 2005 was misleading and false. *Id.* But beyond the allegation that this projection turned out to be mistaken, plaintiffs offer no allegation that that particular representation was made with an intent to mislead.  Furthermore, the complaint alleges numerous instances where defendants made "inaccurate and misleading statements," "misrepresentations," and "failures to disclose."  See Pls.' Opp. to Mot. to Dismiss 11 fn 5 (ungrammatical collection of uncited quotes from the complaint).  In order to plead these statements with particularity, plaintiff should allege the actual content of those misleading statements, as well as the facts that establish their falsity.

The complaint additionally does not state with particularity the facts upon which allegations of misrepresentation are made on information and belief, as it must under 28 U.S.C. § 78u-4(b)(2).

For those statements forming the basis of a 10(b) violation, plaintiffs must show a mental state "embracing intent to deceive, manipulate, or defraud." *Betz*, 519 F.3d at 873.  Once the individual misrepresentations are set forth, plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  28 U.S.C. § 78u-4(b)(2). The complaint does not meet this standard.  The complaint, and the opposition to the motion to dismiss, plaintiffs offer generalized accusations of fraudulent and dishonest behavior and

---

> (A) made an untrue statement of a material fact; or
> (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                                                  5

1 characterizations of defendants' actions as intentionally deceptive. *See* Pls.' Opp. to Mot. to Dismiss
2 11. Plaintiffs should instead allege particular facts that show a strong inference of the requisite
3 scienter. Because the complaint does not satisfy the particularized pleading requirements of the
4 PLSRA, it fails to state a claim upon which relief can be granted.

### E. Leave to Amend

If a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Generally, leave shall be freely given "when justice so requires." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). This rule reflects a strong underlying policy that favors determination of cases on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis,* 371 U.S. 178, 181-82 (1962). A district court may deny a party's request to amend a pleading where the amendment: (1) produces an undue delay in litigation; (2) is sought in bad faith or with dilatory motive; (3) unduly prejudices the adverse party; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006).

The court finds that, though the complaint has serious defects, an amendment is not necessarily futile, and would not, in this case, unduly prejudice defendants.

### III. ORDER

For the reasons set forth above, the court grants defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), with leave to amend.

DATED: 11/21/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Sharonrose Cannistraci          sharonrose@cannistracilaw.com

**Counsel for Defendant:**

Kevin Francis Rooney            krooney@pinnaclelawgroup.com
William W. Schofield            wschofield@pinnaclelawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____11/24/08_____          _____JAS_____
                                       **Chambers of Judge Whyte**