**E-FILED on**   07/09/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VISIONQUEST CHC, LLC and GATEWAY COMMUNITY CHURCH,<br><br>        Plaintiffs,<br><br>    v.<br><br>RONALD BUCHHOLZ, CHARISE BUCHHOLZ, SOLOMON CAPITAL INC., EQUITY ENTERPRISES INC., EQUITY ENTERPRISES OF NEVADA INC., RNC HOLDINGS LLC, RDB DEVELOPMENT LLC, EENI-PATRIOT COURTYARDS LLC, COMMUNITY REAL ESTATE LLC, THE DISTRICT, LLC, PHOENIX VALLEY DEVELOPMENT, LLC, EENI-PATRIOT COURTYARDS, LLC, EENI-DURANGO TRAILS, LLC, EEI-RAY RANCH, LLC, and EENI-PASEO VILLAGE, LLC,<br><br>        Defendants. | No. C-08-3410 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

1  On November 24, 2008 this court granted defendants' first motion to dismiss Gateway
2  Community Church (also known as City Harvest Church) ("Gateway") and VisionQuest, LLC's
3  ("VisionQuest") action for lack of subject matter jurisdiction and failure to state a claim upon which
4  relief can be granted.  Plaintiffs filed a First Amended Complaint ("FAC") on January 15, 2009 and
5  defendants moved again to dismiss the federal claims.  The court granted the motion to dismiss on
6  March 20, 2009, again with leave to amend.  Plaintiffs filed their Second Amended Complaint on
7  April 20, 2009, and defendants filed the instant motion to dismiss on March 15, 2009.  For the
8  reasons stated below, the court grants in part and denies in part the motion to dismiss.

## I. BACKGROUND

10  This action arises out of Gateway's investments into Ronald ("Buchholz") and Charise
11  Buchholz's real-estate development projects.  Buchholz approached Gateway in May/June of 2004 to
12  solicit their investment into Buchholz' properties.  SAC ¶ 27.  At that meeting Gateway informed
13  Buchholz that, because of its desire to fund expansion of its ministry with limited cash flow, the
14  Church sought reliable returns and low risk to the principal.  *Id.* ¶ 27(e).  Buchholz led Gateway to
15  believe that his real-estate project was suited to the its investment needs.  *Id.* ¶ 27(f).  Gateway made
16  an initial investment of $250,000 into EENI-Patriot Courtyards, LLC, a project that Buchholz
17  allegedly stated would be completed, and Gateway's return on investment realized, by
18  October/November of 2005.  *Id.* ¶ 27(g).  The SAC states that, after some delay, Gateway received
19  distributions from the EENI-Patriot Courtyards investment, but it does not state how much.  *Id.* ¶ 42.

21  In June of 2004, Buchholz solicited additional investments from Gateway Church. Gateway
22  Church made three additional investments into the following Buchholz projects: 1) $500,000 in
23  EENI-Durango Trials, LLC; 2) $500,000 in EEI Ray Ranch, LLC; and 3) $250,000 in EENI Paseo
24  Village Office Investments, LLC.  *Id.* ¶ 30.  One year later, these three loans were repaid, plus
25  $495,890.00 in interest.  *Id.* Ex. E.
26  Finally, in June/July of 2005, Buchholz approached the Chuch a third time, and Gateway
27  agreed to invest $1,250,000 in RNC Holdings, LLC through VisionQuest, which was formed for the
28  transaction.  *Id.* ¶ 33, Ex. F (the promissory note on the loan).  The note provides that payment is due

in 30 months from its date of execution. *Id.* The note has now matured but it remains unpaid. *Id.* at ¶ 49.

## II. ANALYSIS

The SAC relies exclusively on federal-question jurisdiction, and it includes two federal claims arising out of Section 10(b) of the Securities Act of 1934. *Id.* ¶¶ 2, 159-198, 205-221. In defendants' most recent motion to dismiss, they argue that the complaint fails to state a federal claim, and that the court should decline to exercise supplemental jurisdiction over the remaining state-law claims.

### A.     Securities Fraud Claims

Section 10(b) of the 1934 Act makes it unlawful "for any person, directly or indirectly, . . . [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." 15 U.S.C. §§ 78j, 78j(b). Rule 10b-5, propagated under section 10(b), provides: " "It shall be unlawful for any person . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5. The elements of a Rule 10b-5 claim are: (1) a misrepresentation or omission of a material fact; (2) scienter; (3) causation; (4) reliance; and (5) damages. *In re Daou Systems, Inc. Sec. Litig.*, 397 F.3d 704, 710 (9th Cir.2005).

Claims brought under Rule 10b-5 must satisfy the particularity requirements of Rule 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). And the Private Securities Litigation Reform Act ("PSLRA") requires that in securities actions based on an untrue statement of a material fact or a misleading omission[1] the complaint shall "specify each statement alleged to have

---

[1] 28 U.S.C. § 78u-4(b)(1) states:
(b) Requirements for securities fraud actions
　　(1) *Misleading statements and omissions*
　　　In any private action arising under this chapter in which the plaintiff alleges that the defendant—

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                                      3

been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 28 U.S.C. § 78u-4(b)(1).

For those statements forming the basis of a 10(b) violation, plaintiffs must show a mental state "embracing intent to deceive, manipulate, or defraud." *Betz*, 519 F.3d at 873. Once the individual misrepresentations are set forth, plaintiff must "state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind." 28 U.S.C. § 78u-4(b)(2) (emphasis added). To give rise to the required strong inference, the complaint must allege facts sufficient that an inference of the requisite scienter is "at least as likely as any plausible opposing inference." *Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2513 (2007).

### 1. 10b-5 Claim for Investment in EENI-Patriot Courtyards, LLC

Plaintiffs first 10b-5 claim (the 16th claim) arises out of the first investment of $250,000 into EENI-Patriot Courtyards, LLC. Defendants contend that the SAC fails to state a 10b-5 claim because it does not allege with sufficient particularity the circumstances of fraud, including the falsity of the statements made and the requisite state of mind. In their opposition, plaintiffs point to five misrepresentations that they claim form an adequate basis for a claim. The court will consider the five purported misrepresentations below, but the court notes generally that, with respect to the first investment of $250,000, the facts in the complaint appear consistent with a misjudgment as to the value of an investment rather than fraud.

### a. Misrepresentations Regarding Risk to Principle

---

(A) made an untrue statement of a material fact; or
(B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                                 4

1 Plaintiffs contend in their opposition that defendants misrepresented the risk of investing in EENI-Patriot Courtyards by stating that the investment was a "suitable investment and well within the Church's investment parameters and need for a timely return on investment." Opp. to Mot. to Dismiss 9 (citing SAC ¶ 27(f)). But paragraph 27(f) of the complaint states that Buchholz "acknowledged the Church's investment parameters . . . and assured the Church that although *there was some general risk* in investing as a member of a real estate limited liability company, there was no known or suspected impediment to EENI-Patriot Courtyards, LLC meeting its target completion date and other profit projections Defendants presented to the church board, and Defendants generally led the Church to believe that an investment in EENI-Patriot Courtyards, LLC was a suitable investment within the Church's investment parameters." *Id.* (emphasis added). Notably, the complaint does not allege that Buchholz stated that there would be no risk to the principle, as the opposition suggests. In addition, the SAC does not include an allegation that any representation regarding the investment's risk was false (plaintiffs apparently rely on the fact that the investment ultimately performed badly).

As for the required state of mind, the allegations offered are insufficient to raise a strong inference of the required scienter. To constitute fraud, the statements must be made with an intent to deceive. *Betz*, 519 F.3d at 873. Plaintiffs state in their opposition that two facts raise a sufficient inference of scienter: first, that plaintiffs advised the defendants that the Church's investment parameters required no risk to the principle; and second that "this was an out-of state a [sic] pooled real estate investment." Opp. to Mot. to Dismiss 9 (citing SAC Ex. L). Exhibit L to the complaint appears to be a set of photocopied pages from Solomon Capital's web site. Neither of these allegations support an inference that any defendant knew that the statements made regarding the risk of the EENI-Patriot Courtyards investment were made with an intent to deceive.

Finally, the allegations in paragraph 27 are made on information and belief, but the complaint does not state the facts on which plaintiffs formed their belief, which the PSLRA requires. 28 U.S.C. § 78u-4(b)(1).

    **b.**  **Misrepresentation Regarding Purchase Price**

The SAC also adds allegations, apparently taken from a complaint in another related action before this court, regarding representations of the "Land Cost" incurred by defendants to acquire the property at issue. *See* SAC ¶ 166-169 (referencing a Confidential Private Placement Memorandum in *Yen, et al. v. Buchholz, et al.*, Case No. C-08-03535 RMW). According to plaintiffs, that document misrepresented the cost of the land to be purchased in connection with the EENI-Patriot Courtyards investment. *Id.* ¶ 166. But as defendants point out, the complaint states that the representations in the memorandum were made in July of 2004, at least a month *after* Buchholz solicited the investment of the plaintiffs in the present action to invest in EENI-Patriot Courtyards. *Id.* Furthermore, the complaint states that defendants made the representations to the plaintiff-investors in the *Yen* action, not this one. *Id.* According to the complaint, it thus appears that the purported misrepresentations regarding the purchase price of the land were not made in soliciting the plaintiffs in this action.

However, Gateway suggested at the hearing that the complaint includes sufficient facts to allege that defendants represented to Gateway, and Gateway relied on, the allegedly false land cost. Gateway stated that it could allege on information and belief that defendants made the representation on the basis that the same representation had been made to similarly-situated investors (who are now plaintiffs in another action) approximately a month after Gateway was solicited. The complaint states that the plaintiffs in this and the other action relied on the same misrepresentations. SAC ¶ 167. The court concludes that, based on the close proximity of the alleged solicitations and the fact that the defendants and property at issue are the same, plaintiffs can reasonably plead that they are informed and believe that the alleged misrepresentations as to the purchase price to defendants of the property were made to plaintiffs. On the basis of this misrepresentation, plaintiffs can state a 10b-5 claim for the EENI-Patriot Courtyards investment.

    **c. Misrepresentations Regarding the Identity of EENI-Patriot Courtyards, LLC**

Plaintiffs next contend that defendants stated, in soliciting their investment, that plaintiffs would receive a membership interest in EENI-Courtyards, LLC, but plaintiffs never received such an interest. Opp. to Mot. to Dismiss 10 (citing SAC ¶ 163, 171). The complaint does state that

plaintiffs were told they would be given such an interest and that it was not delivered, based on a recently found, unsigned Operating Agreements. *Id.* ¶¶ 163, 171.  As for the required state of mind, plaintiffs state that the fact that EENI-Patriot Courtyards, LLC was dissolved in December of 2004 demonstrates that defendants "acquired [p]laintiff's $250,000 under the false pretense that the church's investment was in EENI-Patriot Courtyards, LLC . . . when this was not the case." Opp. to Mot. to Dismiss 11.  The later dissolution of the incorporated entity is the only allegation offered in support of the PSLRA-required "strong inference" that the representation regarding membership in EENI-Patriot Courtyards, LLC was made with an intent to deceive.  *Id.*  The court concludes that the mere fact of a later dissolution is insufficient to raise such a strong inference.  This misrepresentation therefore cannot form the basis for a 10b-5 claim.

### d. Misrepresentation as to Profits

Plaintiffs also argue that, in soliciting investment in EENI-Patriot Courtyards, defendants projected that investors would receive timely profits of 40-60% by October-November 2005.  Opp. to Mot. to Dismiss 11 (citing SAC ¶¶ 27(d), 188).   Those projections apparently turned out to be incorrect. The only allegation supporting the fact that the projection was made with intent to deceive is that defendants "continued to misrepresent a year later that the project was on schedule." *Id.*  A single misrepresentation a year later is not enough to raise the required strong inference of intent to deceive.  It is possible, for example, that the project began on schedule and was later delayed.  This misrepresentation therefore cannot form the basis for a 10b-5 claim.

### e. Misrepresentations as to Experience, Diligence, Permits, and Approvals

Finally, plaintiffs contend that the complaint adequately states a 10b-5 claim on the basis of representations that the required permits and approvals had been obtained.  Opp. to Mot. to Dismiss 11-12.  Plaintiffs also claim that defendants made misrepresentations regarding their experience in real estate and due diligence in investigating the value of the EENI-Patriot Courtyards project.  SAC ¶¶ 186-187.  The complaint does not state with any specificity what permits and approvals were claimed to have been acquired, nor which were not obtained.  The allegations regarding experience are similarly vague: plaintiffs state that defendants represented that they were "experts" when their experience was, in fact, "insufficient." *Id.* ¶ 186.  This is more akin to overstatement than outright

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                                        7

misrepresentation and does not adequately state why the representations were misleading. Additionally, the lack of permits, experience, and due diligence is alleged on information and belief, but no factual basis for that pleading is given, as required by PSLRA. *Id.* ¶¶ 187-188; 28 U.S.C. § 78u-4(b)(1).

Plaintiffs have therefore stated a securities-fraud claim in the SAC for the EENI-Patriot Courtyards investment, but only as to the alleged misrepresentation of the purchase price of the property paid by defendants. Because plaintiffs have had three opportunities to amend their complaint and have not stated a claim, the claims for securities fraud arising out of the other statements made in soliciting the EENI-Patriot Courtyards investment are dismissed with prejudice.

### 2. 10b-5 Claim for Investment in RNC Holdings, LLC

Plaintiffs second 10b-5 claim (the 18th claim) arises out of the third investment of $1,250,000 into RNC Holdings, LLC. SAC ¶¶ 205-221. Defendants again contend that the SAC fails to state a 10b-5 claim because it does not allege with sufficient particularity the circumstances of fraud, including the falsity of the statements made and the requisite state of mind. In their opposition, plaintiffs point to seven misrepresentations that they claim form an adequate basis for this claim.

Defendants do not respond specifically in their reply to the allegations of misrepresentation regarding the RNC Holdings investment. Instead, they argue generally that the allegations are vague and insufficiently specific to support a claim. Reply ISO Mot. to Dismiss 7-8. Defendants argue that plaintiffs do not identify the specific statements or speakers, state to whom the statements were made, or allege a specific location at which the statements were made. *Id.* at 7. Defendants also contend that the complaint does not specifically explain why the statements were false nor what the true facts were. To state a claim with the required particularity, plaintiffs must allege facts reflecting "the who, what, when, where, and how with respect to the facts underlying [their] claim." *In re Silicon Graphics Inc. Securities Litig.*, 183 F.3d 970, 999 (9th Cir. 1999) (internal quotations ommitted). The statements at issue for the RNC Holdings investment were apparently made over the course of two meetings, one with defendant Ronald Buchholz and a second with defendant Charise Buchholz, in Santa Clara County California in June and July of 2005. SAC ¶¶ 31-32. The

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                             8

complaint states that the statements were made to Gateway. *Id.* The court finds that this level of specificity adequately pleads the time, place, speaker, and recipients of the alleged misrepresentations.

However, the allegations as to the time, place, and speaker of the alleged misrepresentations are made on information and belief. SAC at 12. Allegations of plaintiffs' factual basis for the pleading of time and place upon information and belief do not appear in the complaint. Therefore, the complaint fails to plead the 18th claim with particularity as well. A final chance to amend will be given to remedy this pleading deficiency, as well as those set forth below.

### a. Misrepresentation of Risk to Principle

The misrepresentations as to the risk to principle are the same as those considered above for the EENI-Patriot Courtyards investment, and they similarly fail to state a claim for securities fraud. As above, the complaint does not state that defendants represented that the RNC Holdings investment was without risk.

### b. Misrepresentation that RNC Holdings, LLC was Fee Owner of Property

Plaintiffs contend that in soliciting their investment into RNC Holdings, defendants represented that RNC Holdings, LLC was the fee owner of the real property located in Phoenix that was to be developed with plaintiffs' funds. Opp. to Mot. to Dismiss 4. The complaint does allege that defendants represented that RNC Holdings, LLC was a fee owner of the property. SAC ¶ 206(b). It further alleges that RNC Holdings LLC was not the fee owner of the property, that another entity, 52nd Street Investors, was the fee owner, and that the property was being acquired and developed by Phoenix Valley Development. *Id.* ¶¶ 37, 39, 206(b)-(c), 206(j). These allegations adequately state that the representations were made by defendants and that they were false. And they raise a strong inference that they were made with the requisite fraudulent intent.

However, the allegations in the earlier paragraphs of the complaint are made on information and belief, and therefore the complaint must state the factual basis on which they are pled. The complaint does not appear to include that factual basis. Some of the same factual allegations made earlier on information and belief appear later in specific support of the 18th claim (¶¶ 205-221) and are there made not on information and belief. The court will interpret the complaint as alleging

duplicate allegations (that is, those that appear both on information and belief and as plain allegations) on information and belief. The complaint presently fails to state a claim because it does not set forth the factual basis for those allegations. Plaintiffs may amend to include the required factual basis.

### c. Misrepresentation that Plaintiffs' Investment Would be Protected by a Security Interest in the Property

The SAC alleges that defendants represented that plaintiffs would have a security interest in the property. SAC ¶ 33(d). It also states that RNC Holdings did not own the property and that no security interest would be provided by 52nd Street Investors or Phoenix Valley Development. SAC ¶¶ 37, 38, 206(c), 206(i)-(j). On that basis, plaintiffs contend that the court can infer that defendants knowingly misrepresented that the security interest would be provided. The court concludes that these allegations are sufficient to state a claim. But again, the complaint alleges facts on information and belief without setting forth the required factual basis for those allegations as required by PSLRA. Plaintiffs may amend to add the necessary factual support.

### d. Misrepresentation as to Maximum Debt on Project Capital

The SAC alleges that the defendants represented that the debt on the project would not exceed $9,003,170. SAC ¶ 206(e). The complaint states in the same paragraph that this was "unlikely or untrue." *Id.* The complaint does not state that the total debt on the project ever exceeded the stated amount. Such an allegation does not make out a particularly-pled claim for fraud.

### e. Misrepresentation as to Status of Previous Projects

Plaintiffs next contend that defendants misrepresentations regarding the status of the projects underlying plaintiffs' previous investments form the basis for a securities-fraud claim. According to the complaint, defendants represented to plaintiffs that they had successfully completed the three real-estate development projects in which plaintiffs had previously invested: EENI-Durango Trials, LLC, EEI Ray Ranch, LLC, and EENI Paseo Village Office Investments, LLC. *Id.* at ¶¶ 206(a), 206(h). Plaintiffs also allege that defendants stated that they would make an early payment to plaintiffs repaying them for their previous investments plus interest. *Id.* Plaintiffs state that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-3410 RMW
JAS                                                          10

defendants made the statements to induce them to invest in RNC Holdings. *Id.* ¶ 206(a). But, the complaint states, the projects were not complete, and the payment to plaintiffs came from a different source. *Id.* ¶ 206(h). These allegations are not made on information and belief, so the basis for them need not be included in the complaint. The court finds that these allegations adequately make out a claim for securities fraud, including raising a strong inference of scienter. Defendants' motion to dismiss as to this claim is denied.

### f. Misrepresentation as to Maturation Date of First Investment

Finally, plaintiffs argue that defendants' misrepresentations regarding the projected completion date of EENI-Patriot Courtyards induced them to invest in RNC Holdings, LLC. The SAC states that at the first meeting in June/July of 2005, Buchholz stated that the EENI-Patriot Courtyards project "would be completed on schedule . . . and the projected profits and return on first investment was on target." *Id.* at ¶ 31. However, the SAC states that the project was, at the time, not on schedule to begin payments in October/November 2005 as originally promised. *Id.* ¶ 137(a). These allegations adequately plead fraud and support a strong inference of scienter, but the allegation in paragraph 31 of the complaint is made on information and belief without stating the factual basis for that allegation. Plaintiffs may amend to state the factual basis as required by PSLRA.

### III. ORDER

For the reasons stated above, the court:

1) denies defendants' motion to dismiss the 16th cause of action for securities fraud with respect to the misrepresentation of the price of the underlying property paid by defendants;

2) grants the remainder defendants' motion to dismiss the 16th cause of action for securities fraud with prejudice;

3) grants defendants' motion to dismiss the 18th cause of action for securities fraud as to the alleged misrepresentations regarding the risk to principle and the maximum debt the project would take on, also with prejudice;

**United States District Court**
For the Northern District of California

4) grants defendants' motion to dismiss the 18th cause of action for securities fraud as to the alleged misrepresentations regarding RNC Holdings, LLC being a fee owner of the property, the provision of a security interest in the subject property to protect plaintiffs' principle investment, and the maturation date of the EENI-Patriot Courtyards investment, with 20 days leave to amend to supplement information-and-belief pleading with the factual basis on which plaintiffs make their information and belief allegations;

5) denies defendants' motion to dismiss the 18th cause of action for securities fraud as to the alleged misrepresentations regarding the status of the three previous investments;

6) denies the motion to dismiss the remaining state-law claims because plaintiffs still have potentially valid federal claims;

7) orders plaintiffs to file with the court and serve on defendants a redlined copy of the third amended complaint (should they choose to file one) to assist the court in evaluating the sufficiency of the complaint.

DATED:     07/09/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Sharonrose Cannistraci            sharonrose@cannistracilaw.com

**Counsel for Defendant:**

Kevin Francis Rooney              krooney@pinnaclelawgroup.com
William W. Schofield              wschofield@pinnaclelawgroup.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     07/09/09                              JAS
                                        **Chambers of Judge Whyte**